ISAAC VAN DORN

*v.*

AMANDA F. LEEPER.

*Filed at Ottawa May 18, 1880.*

| 95 | 35 |
| 22a | 222 |
| 95 | 35 |
| 75a | 566 |
| 95 | 35 |
| 85a | 27 |
| 95 | 35 |
| f184 | 80 |

MARRIED WOMEN—*lands of, not subject to husband's debts.* Where a husband bought land for his wife and paid for the same with money inherited by her as her separate estate, taking the deed in his own name under an assurance to the wife to convey to a third person and take a reconveyance to her, which was done before the lien of any judgment attached, it was *held,* that the land

was the separate property of the wife and not subject to sale on execution against the husband, and such a sale was set aside as a cloud on her title.

APPEAL from the Appellate Court for the Second District.

Mr. ROBERT DOYLE, for the appellant:

After the legal title is once vested and there is no proof of fraud, a resulting trust can not be raised in favor of a person who may have paid the unpaid purchase money or part thereof. The consideration or some part thereof must be furnished by the party claiming the title, and it must be a part of the original transaction. *Walter* v. *Kloch,* 55 Ill. 352; *Remington* v. *Campbell,* 60 id. 516.

And where a wife has taken a deed to her husband for land that has been paid for by her money, and she knows of such conveyance, it will be regarded as done with her consent. *Carpenter* v. *Davis,* 72 Ill. 14; *Lux* v. *Huff,* 47 id. 425.

A party claiming a resulting trust must have occupied a position originally which would have entitled him to be substituted in the place of the person to whom the conveyance was made. *Perry* v. *McHenry,* 13 Ill. 227.

No arrangement after the purchase, nor any agreement before, nor a parol declaration at the time that it was made for some person, will raise a trust in such other's favor, in the absence of any other fraud than arises from the violation of a parol promise. *Perry* v. *McHenry,* 13 Ill. 227; *Reeve* v. *Strawn,* 14 id. 94; *Walter* v. *Kloch,* 55 id. 365.

Where a conveyance to a wife is attempted to be set aside by a creditor, he must show that at the time the debt was contracted and conveyance made, the debtor had not enough left to satisfy his creditors; and if the husband deeds away all his property, the conveyance will be set aside. *Morritz* v. *Hoffman et al.* 35 Ill. 558.

Conveyance to a wife is a badge of fraud, and when such relations exist, the parties are held to strict proof of the consideration, and if nothing valuable passes between the parties, it will be void. *Jackson* v. *Peck,* 4 Wend. 300.

If a married woman allows her husband to receive her separate property, and use it in business so it can not be identified from the general mass, she will lose it as against his creditors.    2 Perry on Trusts, sec. 678.

Messrs. KAY & EVANS, and Mr. A. L. WHITEHALL, for the appellee:

While it is true that a resulting trust is not the result of a contract, it often becomes necessary to inquire into contracts and conversations in order to determine whether the necessary facts exist upon which a trust may arise.    The real question is, whose money paid for the land.    *Bruce* v. *Roney et al.* 18 Ill. 67-73.

Resulting trusts may be established by parol evidence. *Farris* v. *Dunn*, 7 Bush, 276; *Caldwell* v. *Caldwell*, id. 515; *McGinity* v. *McGinity*, 63 Pa. St. 38; *Ferguson* v. *Hass*, 64 N. C. 772.

For other cases showing where the law will raise a resulting trust, counsel cited: *Fleming* v. *McHale*, 47 Ill. 282, *Mattery* v. *Mattery*, 5 Bush, 464, *Lantry* v. *Lantry*, 41 Ill 457, and *Latham* v. *Henderson*, 47 id. 185.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was filed by Amanda F. Leeper, to remove from the title of real estate she claims in her own right a cloud created, as she alleges, by the sale of the land on an execution issued on a judgment in favor of Isaac Van Dorn and against Francis A. Leeper, the husband of complainant.

It appears, from the proofs, as well as the pleadings of the parties, that in June, 1877, Isaac Van Dorn, who is made a defendant to the bill, obtained a judgment for $460 and costs of suit against Francis A Leeper; that afterwards an execution was issued on such judgment and levied on the land claimed by complainant; that on the 15th of October, 1877, the land was sold on such execution to plaintiff, Isaac Van Dorn, who received the usual certificate of sale, which was entered of

record in the proper office, and the allegation is that Van Dorn threatens to take out a sheriff's deed for the land if it was not redeemed from such sale.

On the hearing, the circuit court found that complainant was the owner of the land described in the bill; that it was not subject to the judgment against her husband, in favor of defendant, and decreed that the sale under the judgment be set aside and declared null and void. That decree was affirmed on defendant's appeal to the Appellate Court.

The only question made in this court that need be considered is, whether the evidence warrants the decree of the circuit court. We have given the evidence a most careful and full consideration, and we are satisfied there is no real ground for disturbing the decrees of the courts below. The circuit court was justified in finding as it did, that the land was bought for complainant and was paid for with her money, so far as it appears from this record it has been paid for. Originally the title was taken in the name of her husband, but complainant was assured it could be changed by deeding to a third party and a reconveyance to her, and the testimony would seem to warrant the belief that was the agreement made at the time. In fulfillment of that agreement the property was afterwards conveyed to her, and that was done before defendant had any judgment to become a lien on it.

No question of a resulting trust arises. It is simply an executed contract, and no reason is shown why it may not stand as against the creditors of complainant's husband as well as other persons. As we have seen, there is evidence that the property was bought for complainant and with money that she inherited as her separate estate, and as the lower courts have given credit to that testimony and decreed in accordance with it, no ground is perceived for reversing their conclusion.

The decree will be affirmed.

*Decree affirmed.*