MARY L. SEEDERS

*v.* ○

SINGLETON B. ALLEN.

*Filed at Springfield May 13, 1881.*

FRAUDULENT CONVEYANCE—*investing equitable owner with legal title is not fraudulent.* Where a wife's land, which she took by inheritance, is, on a partition made by her husband and the other tenant in common, conveyed by the latter to both husband and wife, and the latter has said or done nothing to induce others to trust her husband, upon the belief of his ownership of the same, the conversion of the wife's equitable title to the land into a legal title, before any liens attached in favor of her husband's creditors, is not fraudulent as to creditors. Her intention to get the legal title in advance of creditors who were seeking it, or might seek it, was not a fraudulent intent, but was a lawful one.

APPEAL from the Circuit Court of Crawford county; the Hon. C. S. CONGER, Judge, presiding.

This was a bill in chancery, filed by Singleton B. Allen, assignee in bankruptcy of James B. Seeders, to have set aside a certain conveyance made to Mary L. Seeders, the wife of the bankrupt.

It appears, Charles S. Walker died intestate, possessed of the land in controversy, leaving two heirs, Orlando Walker, and Mary L. Walker, who intermarried with James B. Seeders. On a partition, made by Orlando Walker and James B. Seeders, the former conveyed the land involved in this litigation to James B. Seeders, and Mary L. Seeders, his wife, without her direction. This deed was made on May 26, 1873, and the property remained in the joint names of the husband and wife upon the records until August 31, 1876, when James B. Seeders, and Mary L., his wife, conveyed the same, without any consideration, to Orlando Walker, who, on the same day, conveyed the same lands, without any consideration, to said Mary L. Seeders.

From May 26, 1873, to August 31, 1876, James B. and Mary L. Seeders occupied the land, during which time James B. Seeders exercised the care and supervision of the same that men usually exercise over their farms, and incurred many debts, as was alleged, on the faith of his ownership of said lands. On or about March 1, 1877, James B. Seeders, the husband, was adjudged a bankrupt, and the appellee appointed assignee of his estate, who, on September 13, 1877, filed this bill to have the lands subjected to the payment of James B. Seeders' debts.

On the hearing, the court ordered that the deeds of August 31, 1876, executed by James B. Seeders and wife to Orlando Walker, and that of said Walker to Mary L. Seeders, be set aside and for naught held as to the half interest of James B. Seeders. This appeal is prosecuted to reverse that decree.

Messrs. CALLAHAN & JONES, for the appellant:

James B. Seeders had a naked legal title, obtained without consideration and without the consent of the owner of the equitable estate. He was a mere trustee, and could at any time have been compelled by his wife to convey to her the legal title. If she had filed a bill to compel a conveyance to her, it would have been the duty of the court to grant the relief. Washburn on Real Property, vol. 2, pp. 177 to 182; *Forbes* v. *Hall*, 34 Ill. 159; *McDowell* v. *Morgan*, 28 id. 533; *Wilson* v. *Byers*, 77 id. 76.

Even if Mrs. Seeders had been silent in regard to the title in her husband, her rights would not have been prejudiced or the trust in her favor overthrown. *Carpenter et al.* v. *Davis*, 72 Ill. 14.

Seeders was acting for his wife in making the partition. It was his duty to have taken title to her. Taking title to himself was in violation of his duty to her, and she is entitled to the estate. Story's Eq. Jur. sec. 1210, and note 2.

The equitable claim of Mrs. Seeders was perfect against her husband. If the husband had been really in debt to her

for a transaction disconnected with the land, he had a right to prefer her as a creditor, and convey the land to her as a payment. *Thornton* v. *Davenport,* 1 Scam. 298; *Francis* v. *Rankin,* 84 Ill. 170.

No matter how much he was in debt, he had a right to sell out his title, even with the avowed intention of defeating an honest claim, if no lien existed to forbid it. *Waddoms* v. *Humphrey,* 22 Ill. 663; *Ewing* v. *Runkle,* 20 id. 460; *Herkelrath* v. *Stookey,* 63 id. 486.

The assignee of James B. Seeders is a mere volunteer, and acquired no rights to the prejudice of the equitable interests of Mary L. Seeders. *Talcott* v. *Dudley,* 4 Scam. 427; *Strong* v. *Clawson,* 5 Gilm. 346.

There is no evidence showing any intent on the part of Mrs. Seeders to hinder, delay or defeat any creditor of James B. Seeders. Her action was an honest attempt to recover the legal title to her lands. It makes no difference how fraudulent his purposes or practices may have been, unless she participated in them this conveyance can not be set aside. *Ewing* v. *Runkle, supra; Hessing* v. *McClosky,* 37 Ill. 351; *Herkelrath* v. *Stookey, supra; Miller et al.* v. *Kerly,* 74 Ill. 242.

The declarations of James B. Seeders not made in the presence of his wife should be excluded from this case. *Gridly* v. *Bingham,* 97 Ill. 153.

Messrs. WILSON & HUTCHINSON, for the appellee:

Land conveyed in fraud of creditors passes to the assignee in bankruptcy of the grantor. Bankrupt law, sec. 4; *Pratt* v. *Curtis et al.* 6 Bankr. R. 139; Rev. Stat. U. S. sec. 5046.

That the transaction by which the land was conveyed to the wife was fraudulent as to creditors of the husband, counsel cited *Hockett et al.* v. *Bailey,* 86 Ill. 74; *Wortman* v. *Price,* 47 id. 22; *Patten* v. *Gates,* 67 id. 164.

A voluntary conveyance made by a person who is indebted is *prima facie* fraudulent, and the burden is on the grantee

to show that the debtor had abundant means, besides the property conveyed, to pay all his debts. *Pratt* v. *Curtis, supra.*

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

We find no ground for setting aside the deeds by which the legal title to the land in question passed from Seeders to his wife. The proofs present no indications of fraud on the part of Mrs. Seeders, or anything said or done by her inviting others to trust her husband upon the supposition that he was the real owner of the land. She never, by word or deed, held him out as such owner to the world, or to any of these (who afterward became) creditors. She was in equity the owner, and her equitable title was by these deeds properly converted into a legal title, and this before any lien was established against the legal title in the hands of her husband. Her equity was first in time, and therefore first in right, and was first consummated. The intention of Mrs. Seeders to get the legal title in advance of creditors who were seeking it, or might seek it, was not a fraudulent intent. It was a lawful intent. The land was equitably her own, and as between her and creditors of her husband she was equitably entitled to it. This is not a case of a debtor conveying his own estate to his wife, to prevent creditors from seizing it.

The decree is, therefore, reversed, and the bill dismissed.

*Decree reversed.*