# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1897.

## Sarah A. Benepe v. Carl Meier et al.

75    561
114  ²342

1. FRAUDULENT CONVEYANCES—*Preferences in Favor of a Wife.*—While the rule is that when a husband in failing circumstances undertakes to prefer his wife to the exclusion of other creditors, the proof should be clear and satisfactory that the wife has a valid subsisting debt against her husband, and that the equitable claim of the wife to the property is not clouded with acts on her part that should work an estoppel, yet in this case the court thinks that appellee Barbara Meier, having paid for the property in controversy out of her separate estate, and received all the rents therefrom, was in equity the owner thereof, and that having procured title in her own name before appellant secured his judgment against her husband, she is first in time, and therefore first in right as against appellant, who had an equity, but was beaten in the race for priority.

2. AMENDMENTS—*Surprise—How it Should be Brought to the Attention of Trial Court.*—Where the court allows an amendment, and the party against whom it is made, by reason of surprise, is not prepared to meet the new issue raised by such amendment, he must present an affidavit to that effect in order to be in a condition to complain of the allowance of the amendment.

Bill, to set aside a deed. Appeal from the Circuit Court of Montgomery County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

HOWETT & JETT, attorneys for appellant.

LANE & COOPER and COL. A. OLLER, attorneys for appellees.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

The appellant filed, in the Circuit Court of Montgomery County, her bill of complaint against the appellees, setting up that on January 20, 1896, she recovered in that court a judgment against appellees Carl Meier and Charles M. Harnett, for $503.10 and costs, upon which an execution had been issued and returned " no property found;" that the judgment is still due and unpaid; that the judgment was obtained on a promissory note held by her against appellees Carl Meier and C. M. Harnett; that Carl Meier is the owner, or in some way interested in certain city lots situated in the city of Litchfield, in said county, described in the bill; that except the interest said Meier has in said real estate, he is wholly insolvent; that Carl Meier owned said real estate before he contracted the indebtedness evidenced by the judgment; that on November 29, 1895, Meier conveyed, without consideration, and for the purpose of defrauding the appellant, to his step-son, Fred H. Windels, said real estate, but that the conveyance was merely colorable, and to protect said real estate for Meier, and to prevent the appellant from making her debt out of same, as Meier did not have any other property; that said Windels and his wife, on February 4, 1896, at the instance of Carl Meier and without consideration, conveyed all said real estate to Barbara Meier, the mother of said Wendels and the wife of Carl Meier; and that this latter conveyance was to secure said real estate to Meier's wife and to prevent the appellant from making her debt out of the same.

The bill prays that the conveyance from Carl Meier to Windels and from Windels and wife to Barbara Meier be set aside, and said real estate be subjected to the payment of her judgment.

The appellees answer the bill and admit the allegations of same except they deny that Carl Meier owned all said

real estate as stated therein, but claim that in law and in equity the appellee Barbara Meier was and still is the absolute and exclusive owner of all said real estate; that said conveyances between Carl Meier, Wendels and Barbara Meier, were made in good faith, upon valuable consideration, and without any real or intended fraud against the appellant or any one else.

To this answer the appellant filed her replication.

There was a hearing and the Circuit Court found for the appellees and dismissed the bill.

From the decree of the Circuit Court dismissing her bill, the appellant brings the cause to this court and urges as grounds for reversal thereof, that the decree of the Circuit Court is contrary to the law and the evidence, and the court erred in allowing the appellees to file an amended answer after cause was called for trial.

The evidence shows that the appellee Barbara Meier was formerly the wife of one Wendels, who died in 1875, and that she received from the estates of her deceased husband, father and mother, in money, notes, property and accounts, some $5,000 and over.

In 1881 Barbara Wendels married the appellee Carl Meier and has lived with him every since.

That at the time of such marriage said Meier was a poor man without money or property.

That shortly after his marriage he engaged in the saloon business in Litchfield and continued in that business several years without making much money.

That in 1883 he and his wife purchased lot 8, block 5, in Hargrove's addition to Litchfield, for $1,800, and the same was deeded to him and her, but wholly paid for by her, out of her separate means. In 1888 another lot in Litchfield was purchased for $150, another in 1889, for $765, and another in 1892, for $924.70, the deeds therefor being taken in Carl Meier's nam, but all the money paid therefor by Mrs. Meier, out of her separate estate.

From time to time after these lots were purchased, buildings were erected and improvements made thereon at an

expenditure of $1,000 or more, mostly all paid for out of the separate estate of Mrs. Meier.

Mrs. Meier is a German woman and speaks and reads the English language very poorly.

Shortly after the purchase of the first of said lots, Meier and his wife took up their residence thereon, and have lived there ever since.

On November 29, 1895, Meier and his wife, Barbara, conveyed all said lots to the appellee F. H. Wendels, for $5,000, as follows: A mortgage on said lots securing note for $4,450, due two years after date with interest, and payable to Barbara Meier and signed by Wendels; and $550 which Carl Meier owed to Wendels. No cash was paid when this deed was made.

On February 4, 1896, Wendels and his wife conveyed all of said lots to Barbara Meier for $5,000, as follows: Mrs. Meier satisfied the note of Wendels secured by the mortgage on the lots, and agreed to pay Wendels $550, being the money that had been owing him by Carl Meier. No cash passed between the parties when this deed was made.

The lots described in the bill and those conveyed by Meier and wife to Wendels, and by Wendels and wife to Barbara Meier, are the same.

It further appears from the evidence that it was fully understood by and between Carl Meier and his wife, Barbara, before they were purchased, that all these lots were to be the property of Barbara; and the rents arising therefrom, although collected by him, were paid to Barbara. It nowhere appears from the evidence that either Carl or Barbara Meier said or did anything to induce any one to believe that the lots belonged to Carl and not to Barbara, except that the title of some of them was taken as above stated, in the name of Carl Meier, and the deeds recorded.

The evidence further showed that Carl Meier had no property that was not exempt from execution after he and his wife conveyed these lots to Wendels.

The appellant's counsel insist that from these facts the equities of this case are with the appellant, because in

extending credit to Carl Meier for her note, she had a right to rely upon the records of her county, which showed Carl Meier owned said lots to the extent that the deeds thereto, as recorded therein in his name, showed he owned them, and that inasmuch as Barbara Meier had permitted Carl Meier to take title to some of said lots in his name, that she in equity and good conscience ought not now be permitted to hold same under said conveyances, as against the appellant, who gave him credit on the strength of the deeds in his name; and in support of that contention, they cite us to the following cases: Dillman v. Nadelhoffer, 162 Ill. 625; Frank v. King, 121 Ill. 250; Hockett v. Bailey, 86 Ill. 74, and kindred cases.

While it is true these authorities require, in cases when the husband, in failing circumstances, undertakes to prefer his wife to the exclusion of other creditors, the proof should be clear and satisfactory that the wife has a valid, subsisting debt against such husband, and that the equitable claim of the wife to the property is not clouded with acts on her part that would work an estoppel, yet when all the evidence in this case is fairly and fully considered, we think that Mrs. Barbara Meier, having paid for all this property out of her separate estate, received all the rents therefrom as far as the same was rented, and not occupied as a residence by her and her husband, was in equity the owner thereof; that, being a German, unfamiliar with our language, she did not fully understand that the deeds to part of the property in question were made in her husband's name, but thought that inasmuch as she had the deeds in her iron safe, and paid all the money for the property, and was getting the rents thereof, that she was secure in her ownership of all this property as against her husband and his creditors, which caused her to be less diligent than she otherwise would have been in the examination of the deeds when they were taken.

Inasmuch as it appears that Mrs. Meier procured title to this property in her own name, before the appellant had a judgment to become a lien on it, she had her equity to the

property first ripened into a title, is first in time, and therefore first in right, as against the appellant, who also had an equity, but was beaten in the race for priority. See Van Dorn v. Leeper, 95 Ill. 35; Tomlinson v. Matthews, 98 Ill. 178; Seeders v. Allen, 98 Ill. 468.

Hence we think the decree of the Circuit Court is not against the law or evidence.

Lastly, it is contended by counsel for the appellant that the court below erred in allowing the appellees to amend their answer after the cause was called for trial.

Upon examination of the record in this case, we find the appellant did not file any motion for a continuance when this amendment was allowed, nor even make any claim to the court that she was surprised by reason of such amendment; hence no advantage can be taken on that account to the allowance of the amendment.

The rule in this State is, that where the court allows an amendment, and the party against whom it is made, by reason of surprise, is not prepared to meet the new issue raised by such amendment, he must present an affidavit to that effect in order to be in a condition to complain of the allowance of such an amendment. (See Scott v. Harris, 113 Ill. 457.)

Finding the decree of the Circuit Court in this case is in accordance with the law and the evidence, we affirm it.