Shaw v. Allen.

85    23
s184s 77

### George W. Shaw v. Samuel H. Allen.

1. CLOUD UPON TITLE—*Legal Owner in Possession.*—It is not necessary for the legal owner of real estate, in possession of the same, to continually watch the records to ascertain whether some person has filed some paper title to, or lien upon, his land since he acquired his title and went into possession, in order that he may bring suit to remove it as a cloud upon his title.

2. SAME—*Rights of Owner in Possession—Laches.*—An owner of land in possession may rest in security until his title is attacked, and until this is done, *laches* will not run against him.

3. SAME—*Void Deeds and Decrees upon Record.*—A void deed, or decree, upon record, if good on its face, and likely to have the effect to deter others from the purchase, and impair the market value of the land, if useless in the hands of the holder, except as a means of annoyance and extortion, is a fit cause for the interposition of a court of chancery to deprive the instrument of its means of mischief by its cancellation.

4. LACHES—*When the Doctrine Can Not be Invoked.*—The doctrine of *laches* can not be invoked against a person in possession of land without knowledge of the existence of a cloud upon his title, who commences a suit to remove it after he acquires knowledge of it.

**Bill to Remove a Cloud upon Title.**—Trial in the Circuit Court of Henry County; the Hon. WILLIAM H. GEST, Judge, presiding. Hearing and decree for complainants; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

GEORGE W. SHAW, attorney *pro se.*

A party challenging a sale should be prompt in discovering that which may avoid his title, and diligent in his application for relief. Unreasonable delay, not explained by equitable circumstances, has always been declared fatal to such suits. Bush v. Sherman, 80 Ill. 160; Howe v. South Park Com'rs, 119 Ill. 101; Bates v. Gillett, 132 Ill. 303.

Courts of equity apply to suits for removing cloud from title, the analogy of the statute limiting writs of error. Hodgen v. Guttery, 58 Ill. 431; Cleaver v. Green, 107 Ill. 67.

While possession by a complainant usually prevents the running of statutes of limitation, the cases which may be relied on in support of the application of the principle to this case do not apply where there has been neglect to file a bill to set aside a sale. Argument reviews cases. *Laches* is principally the question of the inequity of permitting a claim to be enforced—an inequity founded in some change in the condition or relations of parties. Galliher v. Cadwell, 145 U. S. 368; Penn. Mutual Ins. Co. v. Austin, 168 U. S. 685.

Possession of land does not excuse a party from prosecuting a suit to set aside a sale within the prescribed period of limitation. Hanner v. Moulton, 138 U. S. 486.

DUNHAM & FOSTER, attorneys for appellee.

*Laches* is not imputable to persons in possession, as in the case at bar a party in the actual possession of land may safely lie by until his possession is invaded or his title attacked. Till this is done, *laches* will not run against him. Bush v. Stanley, 122 Ill. 406; Orthwein v. Thomas, 127 Ill. 554; Newell v. Montgomery, 129 Ill. 58; Boyd v. Boyd, 163 Ill. 611.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery filed on September 21, 1898, in the Circuit Court of Henry County, by appellee against appellant, for the purpose of removing a cloud from his title to certain lands in that county.

The bill as amended charges that appellee acquired a fee simple title to the premises of one Riley J. Brown, on the 20th day of March, 1895, and that he has ever since been in the open and exclusive possession thereof; that said Riley J. Brown had been the absolute owner and possessor thereof from 1875 until she conveyed the same to appellee as aforesaid; that on the 21st day of August, 1880, the sheriff of said county executed to appellant a deed of conveyance of

said premises, which was duly recorded, purporting to have been executed in pursuance of a sale by the sheriff, by virtue of an execution issued upon a judgment against one John M. Brown, in a suit against him by one Isaac Callendar; that when said judgment was rendered and for a considerable time prior thereto, said Riley J. Brown was the sole and absolute owner and possessor of said premises and continued such sole owner and possessor thereof until she conveyed the same to appellee as above stated; that said John M. Brown did not, at the time said judgment was rendered, have, and has not since had, any interest or title to said premises or any part thereof; that said sheriff's deed is a cloud upon appellee's title to said premises and depreciates the value thereof; that appellant has been requested to remove said cloud but refused and still does refuse so to do; that said Riley J. Brown had no knowledge whatever of the sale upon said execution or of said sheriff's deed to appellee until she conveyed the premises to appellee; that appellee, with her consent, withheld and still withholds $500 of the purchase money to indemnify him from all loss, costs and expenses in prosecuting a bill in chancery to remove the cloud from his title. In conclusion there is a prayer that said deed to appellant be declared void, as a cloud upon appellant's title, and canceled. The appellant demurred to the bill generally and specially. The special causes of demurrer assigned were that the bill showed such *laches* on the part of appellee and his grantor as to bar him from equitable relief, and that appellee's remedy was at law. The demurrer was overruled and appellant having abided by it, a decree *pro confesso* was entered against him, setting aside his said deed as a cloud upon said title, and for costs of suit.

It is contended by appellant that appellee is barred by *laches* from maintaining his bill. As the case was heard upon the bill and demurrer thereto, all the material facts stated therein and well pleaded, are to be taken as absolutely true. From the bill it appears that Riley J. Brown was in possession of the premises in question from 1875 until 1895, when

she conveyed the same to appellee, and that she never knew of the sheriff's deed to appellant until she made such conveyance, at which time she made arrangements to procure the removal of said sheriff's deed as a cloud upon her title. It also appears that appellee has been in possession of said premises since he purchased the same in 1895.

It is not necessary for the legal owner of real estate in possession of the same to continually watch the records to ascertain whether, since he acquired his title and went into possession, any other person has filed some paper title to, or lien upon, the same, in order that he may bring suit to remove such cloud. Such owner in possession may rest in security until his title is attacked, and until this is done, *laches* will not run against him. Boyd v. Boyd, 163 Ill. 611; Newell v. Montgomery, 129 Ill. 58; Orthwein v. Thomas, 127 Ill. 554; Bush v. Stanley, 122 Ill. 406. But even if the doctrine of *laches* could be invoked against a person in possession, none could be charged to Riley J. Brown, because she had no knowledge of the existence of said deed to appellant until she sold the premises, when she at once made arrangements to have the cloud upon the title removed. Nor was appellee guilty of *laches*, as he commenced his suit in a reasonable time, under the circumstances, after he acquired title.

Appellant further contends that appellee is not entitled to maintain his bill for the reason that the sheriff's deed to him does not constitute even a cloud upon appellee's title to said premises, and that therefore there is no need of the intervention of a court of equity to remove it.

The authorities, however, do not sustain the position of appellant. It would be manifestly unjust and inequitable to permit him to defeat this action on the ground that his deed is not a cloud upon appellee's title, while at the same time the deed is permitted to remain of record substantially unchallenged.

The language of the Supreme Court in the case of Reed v. Tyler, 56 Ill. 288, is appropriate here. It is there said, in reference to a void tax deed:

" The deed is good on its face.    Its presence on the record would be likely to have the effect to deter from the purchase and impair the market value of the land; it is useless in the hands of the holder, except · as a means of annoyance and extortion, and it seems a fit case for the interposition of the power of a court of chancery to deprive the instrument of its means of mischief by its cancellation."

The case of Van Dorn v. Leeper, 95 Ill. 35, was very similar to the case at bar.    In that case appellee filed a bill to remove a cloud upon the title of her real estate, created by the sale of the premises on an execution against her husband, and the Supreme Court sustained a decree setting the sale aside and declaring it null and void.

In Hodgen v. Guttery, 58 Ill. 431, it was held that equity would entertain jurisdiction, at the instance of the owner in fee of lands, to remove a cloud upon his title, created by a sale of the premises, and a deed thereunder, under a decree of foreclosure of a mortgage thereon, although the decree and deed were as to him void.    It is there said :

" The decree being void as to appellee in the former suit, and he not being able to pay or the land not being chargeable with the mortgage, has appellee any right to maintain this bill?    We think he clearly may, to remove a cloud on his title.    Here is a decree, void as to him, it is true, and a sale and deed made under the decree equally void, but still it is such as to deter some, and render others doubtful, in the purchase of his title.    It is calculated to materially impair the price of the land if put upon the market, as all persons would expect that it would lead to litigation, costs and vexation.    It, for that reason, is such a cloud as authorizes a court of equity to entertain jurisdiction for its removal."

The bill in this case clearly presented facts which, under the above authorities, entitled appellee to maintain his suit to remove appellant's deed, as a cloud upon his title.

The decree of the court below will therefore be affirmed.