ADOLPH H. BEHRENS

v.

WILLIAM A. STEIDLEY et al.

*Opinion filed October 25, 1902.*

1. CONVEYANCES—*if there are opposing equities, the one first acquiring legal status will be sustained.* If the equity of the wife in land held in the husband's name is first in time, first in right and is first consummated by a conveyance vesting her with the legal title, that title will be sustained.

2. SAME—*both parties must participate in fraud to avoid conveyance at suit of creditors.* Under the Statute of Frauds, in order to set aside a conveyance upon the ground that it was made to hinder and delay creditors, it must appear that both parties participated in the fraud, as the mere fact that the conveyance may have delayed creditors does not bring the case within the statute. ·

3. SAME—*when wife's title will be upheld as against husband's creditors.* If at the time of the conveyance by a husband to his wife of the legal title to land it was equitable and just that the title should be placed in her, and there were no liens of the husband's creditors upon the land at the time, the wife acting without intent to delay or hinder creditors, her title will be upheld, as against creditors of her husband, in case of his subsequent bankruptcy.

APPEAL from the Circuit Court of Macoupin county; the Hon. O. P. THOMPSON, Judge, presiding.

D. E. KEEFE, for appellant.

BELL & BURTON, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant, as trustee in bankruptcy of the estate of William A. Steidley and Hie W. Weyen, partners in business at Gillespie, Illinois, filed his bill in the circuit court of Macoupin county against appellees, William A. Steidley and Mary F. Steidley, to set aside two deeds alleged to have been made with intent to hinder and delay the creditors of said William A. Steidley. The defendants answered the bill, denying the allegations of fraud, and on general replication the cause was referred to the mas-

ter to take and report the evidence. On the coming in of his report the court found in favor of the defendants and entered its decree dismissing the bill for want of equity. The complainant prosecutes this appeal.

The material facts are not controverted. The defendants were married in 1875, the wife being a daughter of one Hugh Rice, for many years a resident of Macoupin county, having a large family of children and being the owner of an estate worth more than $13,000. In 1880 Rice conveyed, by warranty deed to the defendant William A. Steidley, the one hundred and sixty acres of land in question, and the latter at the same time executed to him his promissory note for $1500, but when that note was payable does not appear. The defendants, Steidley and wife, lived on the farm for a number of years, 'the husband cultivating it some years and renting it to tenants the remainder of the time. He engaged in the mercantile business with Weyen in 1893. Prior to 1897 he had been sued in the circuit court of Macoupin county by one Burton for slander, and at the September term of the latter year, upon a trial of that case, a verdict was returned against him for $1000, but a new trial was granted and the case set for trial to the February term, 1898, at which time it was again tried and a verdict and judgment rendered in favor of the plaintiff for $400. That judgment was afterwards paid off and satisfied. On January 6, 1898, between the time of the first and second trial, he and his wife conveyed the land in question by mortgage to Adolph H. Behrens, with other lands mortgaged by Weyen, his partner, for $3904.53, due in one year, one-half of said amount being the debt of each of said partners. On the same day Steidley and wife executed a deed to her father, Hugh Rice, for the same land, the consideration named in the deed being $3600, Rice to assume the aforesaid mortgage. On January 29 following, he conveyed the same to his daughter, Mary F. Steidley, in consideration of love and affection and one dollar. It

is the theory of complainant's bill that the conveyance to Rice, and by him to his daughter, were for the purpose of putting the land in the name of the latter to avoid the payment of any judgment which might be obtained against the husband in the slander suit, and that although that judgment was afterwards paid by Steidley, the effect of the conveyance was to hinder and delay the creditors of the firm, which afterwards became insolvent and went into bankruptcy. Hugh Rice died in August, 1898. There are other facts in the record not necessary to be stated in the view we take of the case.

The only direct evidence in the record as to the object and purpose of the conveyances comes from the defendants, Steidley and wife. Their testimony is to the effect that the conveyance by Rice to the husband, in 1880, was for the purpose of making an advancement to the daughter, and that at the time, not knowing whether his estate would be sufficient to make an equitable and just advancement to her of the full value of the land, he took the note of $1500 from the husband; that the conveyance back to Rice was for the purpose of enabling him to carry out his original purpose of giving the land to his daughter, and that after the conveyance to her and the death of her father she paid, out of money received from his estate, her husband's part of the mortgage indebtedness to Behrens. We think the evidence justified the chancellor in finding that the land equitably belonged to the wife, although the legal title was in her husband.

It is well settled in this State that if the equity of the wife in the land was first in time, first in right and first consummated by the conveyance vesting her with the legal title, that title will be sustained. In other words, where there are opposing equities, the one which first acquires a legal status will be sustained. In *Seeders* v. *Allen*, 98 Ill. 468, a bill had been filed by Allen, assignee in bankruptcy of James B. Seeders, to set aside a conveyance made by James B. to his wife, Mary L.

Seeders. The statement of facts in that case will show that in principle it is like the one at bar. The court below granted the prayer of the bill, and the appeal was to reverse its decree. We said: "The proofs present no indications of fraud on the part of Mrs. Seeders, or anything said or done by her inviting others to trust her husband upon the supposition that he was the real owner of the land. She never, by word or deed, held him out as such owner to the world or to any of these (who afterwards became) creditors. She was in equity the owner, and her equitable title was by these deeds properly converted into a legal title,—and this before any lien was established against the legal title in the hands of her husband. Her equity was first in time, and therefore first in right, and was first consummated. The intention of Mrs. Seeders to get the legal title in advance of creditors who were seeking it or might seek it was not a fraudulent intent. It was a lawful intent. The land was equitably her own, and as between her and creditors of her husband she was equitably entitled to it. This is not a case of a debtor conveying his own estate to his wife to prevent creditors from seizing it." The decree of the circuit court was reversed.

We have repeatedly held that under our Statute of Frauds and Perjuries, in order to set aside a conveyance on the ground that it was made to hinder and delay creditors, it must appear that both parties participated in the fraud; and that the conveyance may have the effect to delay and hinder the creditors does not, of itself, bring a case within the statute. (*Ewing* v. *Runkle*, 20 Ill. 449; *Hessing* v. *McCloskey*, 37 id. 341.) It is clear from the evidence in this case that at the time of the conveyance to Rice, and by him back to the daughter, as between William A. Steidley and his wife it was equitable and just that the title should be placed in her. At that time there were no liens of his creditors against the land, and she having obtained the legal title without any intent or pur-

pose to defraud or delay creditors, her title is legal, and in no proper sense, under the Statute of Frauds, hinders or delays her husband's creditors.  *Earl* v. *Earl*, 186 Ill. 370;  *German Ins. Co.* v. *Bartlett*, 188 id. 165.

Cases cited by counsel for the appellant where a husband has conveyed his own property with intent to defraud his creditors, or where creditors have obtained a lien upon the property while in the name of the husband, and cases in which the wife has permitted her husband to invest her separate property in his own business, or has permitted him to sell and exchange it for other property, changing its character as he may see fit, are clearly distinguishable from this case, as is shown by the authorities already cited.

We are clearly of the opinion that the decree of the court below is in conformity with the decisions of this court, and it will be affirmed.    *Decree affirmed.*