## William M. Hinton v. W. Ernest Knott.

1. SERVICE BY PUBLICATION—*who cannot urge insufficiency of.* No other than the party sought to be served by publication can object to the insufficiency of such service.

2. SERVICE BY PUBLICATION—*when objection to sufficiency of, comes too late.* An objection to service by publication comes too late when first made on appeal.

3. FRAUDULENT CONVEYANCE—*what essential to establish.* In

order to establish a fraudulent conveyance it must appear that both grantor and grantee participated in the fraud.

4. FRAUD—*how may be established.* A fraud does not need to be shown by direct and positive evidence; it may be inferred from circumstances, as a conclusive presumption of law, or as a *prima facie* or rebuttal presumption of law, or as an argumentative conclusion of fact.

Bill in equity. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

JOSEPH P. GULICK and RAY & DOBBINS, for appellant.

G. W. LAWRENCE and SCHNEIDER & SCHNEIDER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

September 15, 1905, a jury impaneled in the Circuit Court of Champaign county returned a verdict in favor of appellee against one Claude Hinton, a minor, and nephew of appellant, for the sum of $900, in an action of trespass. At that time said Claude Hinton was the owner in fee of the undivided one-third of eighty acres of land in Champaign county, which he had acquired by devise from his grandfather, John H. Funston, two sisters of the said Claude being each the owner of the undivided one-third of said land. September 19, 1905, and before judgment had been entered on said verdict, the said Claude Hinton, by warranty deed, conveyed his interest in said land to appellant for the expressed consideration of $1,800. Thereafter, judgment was entered on said verdict and execution issued and returned "no property found."

Appellee then filed his bill in equity in the nature of a creditor's bill against appellant and said Claude Hinton to remove said conveyance out of the way of his execution, alleging that said conveyance was fraudulent. The cause was referred to the master, who took

the evidence and reported the same to the court with his conclusions, recommending that the bill be dismissed for want of equity. On the hearing upon the exceptions to the master's report filed by appellee, the chancellor sustained the exceptions and entered a decree in conformity with the prayer of the bill.

It is established by the evidence that on September 19, 1905, Claude Hinton drove from his home in Fisher, a distance of ten or twelve miles, to the home of appellant for the purpose of negotiating a sale of his interest in the land; that upon his arrival there he found appellant about to start for Champaign; that he stated to appellant that he desired to sell his interest in the land and he thought that it would be worth $2,200, but was willing to take $2,000; that appellant offered him $1,800 but said he was unable then to pay the purchase price in cash; that Claude accepted the offer made by appellant and agreed to take the latter's note for the purchase price, payable three years after date with interest at five per cent. with an option to appellant to pay $1,000 January 1, 1906; that appellant desired to examine the will under which Claude acquired title, and it was arranged that they should meet in Champaign at the office of the attorneys who appeared for Claude in the trespass suit against him, and consummate the transaction; that appellant having examined the will met Claude at the office of his attorneys, where Claude executed a deed to appellant and appellant executed a note for the purchase price; that immediately after the transaction was closed appellant asked Claude what he intended to do with the proceeds of the sale, and Claude then told appellant that appellee had obtained a verdict against him for $900 and he desired to advise with appellant relative to the propriety of settling with appellee; that appellant told Claude he had better settle with appellee; that Claude, immediately thereafter, went to Indiana, where he has since resided.

It is urged on behalf of appellant that Claude Hin-

ton, a non-resident defendant and a necessary party to the bill, was not properly before the court because the notice to him by publication was insufficient under the statute. Conceding that the notice was defective, appellant cannot raise that question. Claude Hinton alone can object. Fergus v. Tinkham, 38 Ill. 407. Furthermore, the question does not appear to have been raised in the court below.

That Claude Hinton executed the conveyance of his interest in the land to appellant, with a fraudulent design to hinder and delay appellee in the collection of his judgment, can admit of no doubt under the evidence in this record, and we do not understand that appellant seriously insists to the contrary. The mere fact, however, that the conveyance from Claude Hinton to appellant operated to hinder and delay appellee in the collection of his judgment, and that Claude Hinton fraudulently designed to effect that result, is not sufficient to authorize a court of equity to set aside the conveyance. It must also be made to appear that appellant participated in such fraudulent design. Behrens v. Steidley, 198 Ill. 303. Whether or not appellant was a party to the fraud, is the vital question in the case.

While the burden is upon appellee to show that appellant participated in such fraudulent design, it is not necessary that such design on the part of appellant be established by direct and positive evidence. It may be inferred from the circumstances, as a conclusive presumption of law, or as a *prima facie* or rebuttal presumption of law, or as an argumentative conclusion of fact. Hughes v. Noyes, 171 Ill. 575.

It may well be that proof of any single circumstance would not be sufficient to charge appellant with participation in the alleged fraudulent design, but we are of opinion that taking all the circumstances in evidence as they appear in the record together, the chancellor was not unwarranted in finding that appellant was a party to the alleged fraud. Appellant and

Claude Hinton had not met for more than a year prior to September 19, 1905. Claude was not on friendly terms with his father, and this fact was known to appellant, his uncle. The proposal by Claude to appellant to sell his undivided interest in the land was made hurriedly and was immediately accepted by appellant without any inquiry by him as to the purpose of Claude in selling his interest. Appellant knew that Claude was a minor and that any conveyance by the latter of his interest in land could be repudiated by him upon his arriving at his majority. While the evidence bearing upon the question of the value of the land is conflicting, it supports the finding of the chancellor that the consideration expressed in the deed was inadequate. Appellant was a man of affairs, a dealer in real estate and had sufficient financial ability to have paid the consideration in cash, but he gave his note for the whole amount payable in three years with an option to pay $1,000 on or before January 1, 1906. The note, when executed, was retained by the attorneys for appellant in this proceeding, and the evidence tends to show that it is still in their possession, although the record discloses a studied and persistent effort to avoid any legitimate inquiry as to its whereabouts.

The decree of the Circuit Court will be affirmed, and the costs of the additional abstract filed by appellee will be taxed against appellant.

*Affirmed.*