### B. F. Harrison v. Horace G. Longbrake et al.

1. HUSBAND AND WIFE—*when conveyance from former to latter will not be set aside, at instance of creditors.* If the equity of the wife is first in time, first in right, and is first consummated by a conveyance vesting her with the legal title, the conveyance will not be set aside at the instance of creditors who have not extended credit upon the faith of the husband's ownership of the land.

2. DECREE—*when not set aside as against the evidence.* Where the evidence in the record is so contradictory as to leave the minds of the judges of the Appellate Court in doubt as to the merits of the controversy, a reversal of the decree, as against the weight of the evidence, will not be ordered.

Bill in equity. Appeal from the Circuit Court of DeWitt county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

LEMON & LEMON, for appellant.

EDWARD J. SWEENEY, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a bill in equity in the nature of a creditor's bill filed by appellant to remove an alleged fraudulent conveyance by appellee, Horace G. Longbrake, of certain real estate, out of the way of an execution issued upon a judgment recovered by appellant against said appellee.

After issue joined the cause was referred to the master in chancery to take and report the proofs with his findings. The report of the master was favorable to appellees and recommended that the bill be dismissed for want of equity. The chancellor on the hearing upon appellant's exceptions to the master's report overruled the exceptions and entered a decree in conformity with the recommendation of the master.

The main facts developed by the evidence are substantially as follows: On December 14, 1893, appellant recovered a judgment against Horace G. Long-

brake for $697.82, which was revived by *scire facias* June 27, 1904. May 16, 1903, one Charles B. Tenney conveyed to said Longbrake 95¾ acres of land for the expressed consideration of $7,331.25, which was paid to said Tenney in cash, the money therefor being realized as follows: $5,000, from Ruth Dragstrem upon a mortgage loan on the premises, the note and mortgage therefor being executed by said Longbrake and his wife Josephine, and $2,331.25 from William Dunbar upon a note executed by said Longbrake as principal and by Wiley Marvel and Samuel O. McCullough as sureties, the payment of which latter note was secured to the said sureties by a mortgage on 114 acres of land belonging to Josephine Longbrake. On May 14, 1904, appellees Horace G. and Josephine Longbrake conveyed the 95¾ acres of land to Charles Longbrake and within a day or two thereafter Charles Longbrake conveyed the same to Josephine Longbrake. There is evidence tending to show that while he did not disclose such agency to Tenney, Horace G. Longbrake negotiated for the purchase of the land as the agent of his wife; that the deed therefor was drafted and executed by Tenney in Bloomington and that the transaction was closed in Clinton; that Tenney assumed that the deed should be made to Horace G. Longbrake as grantee; that when the deed was delivered in Clinton, objection was made to it upon the ground that Josephine Longbrake should have been named as grantee instead of Horace G. Longbrake, and it was then stated that it made no difference as the title could be subsequently passed by a conveyance to Josephine.

There is evidence tending to show that Horace G. Longbrake was, in part, moved to make the conveyance when he did through fear that the judgment obtained against him in favor of appellant might be revived and enforced against the land, but this fact, of itself, could not affect the equities of his wife. The debt for which the judgment was recovered was contracted

long prior to the conveyance of the land by Tenney to Horace G. Longbrake and, therefore, could not have been contracted with reference to the ownership of the land by the debtor, and at the time of the conveyance to Josephine, the judgment in favor of appellant was not a lien upon the land.

To the facts as found by the master in chancery and approved by the chancellor, the rule announced and applied in Behrens v. Steidley, 198 Ill. 303, is clearly applicable: "If the equity of the wife in the land held in the husband's name is first in time, first in right and is first consummated by a conveyance vesting her with the legal title, that title will be sustained."

The evidence in the record is so contradictory as to leave our minds in somewhat of doubt as to the merits of the controversy, but this situation does not justify a reversal of the decree involved. McCormick v. Miller, 102 Ill. 208. We are not prepared to say that the findings of the master in chancery approved by the chancellor are against the clear weight of the evidence, and the decree will, therefore, be affirmed.

*Affirmed.*

The motion of appellees to tax the cost of the additional abstract filed by them will be denied.