Chicago Title & Trust Company, Appellee, v. Louis Rubin et al. L. S. Cougill, Appellant.

Gen. No. 35,102.

510

Heard in the third division of this court for the first district at the April term, 1931. Opinion filed March 16, 1932. Rehearing denied and opinion modified March 29, 1932.

CLARK & CLARK, for appellant; RUSSELL S. CLARK, of counsel.

PRITZKER & PRITZKER, for appellee; ARTHUR J. GOLDBERG, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

L. S. Cougill, one of the defendants, appealed from a decree of foreclosure to this court. The bill of foreclosure was filed by the complainant in the superior court of Cook county against several defendants therein named, to foreclose a trust deed dated September 1, 1924, and executed by Louis Rubin and Bertha Rubin, his wife, and William Klein and Ada Klein, his wife, conveying certain real estate in the City of Chicago to the complainant as trustee, to secure an indebtedness of $185,000, evidenced by 347 bonds; and also executed by the grantors named in the trust deed. Several of the defendants, including the defendant L. S. Cougill, filed their joint and several answers, and complainant filed its replication. The case was referred to a master in chancery, who, after the taking of testimony, filed his report finding that the material allegations contained in the bill of complaint were proven and that the equities were with the complainant, and recommended that a decree be entered in accordance with the prayer of the bill of complaint. Defendant L. S. Cougill filed his exceptions to the master's report, which were overruled by the chancellor. A decree of foreclosure and sale was signed by the court and entered of record.

The trust deed foreclosed secured a first mortgage bond issue, and provides that in case of default for a period of 30 days in making payments of any of the bonds secured, then the whole of the principal sum secured should at once, at the option of the owner or

holder of any one of the bonds unpaid, become due and payable; that upon such default, upon written application of the holder of any one of the bonds, and receipt by the trustee of good security and indemnity, it shall be lawful for such trustee to institute suit for foreclosure of the trust deed.

It appears from the evidence that bonds Nos. 1 to 7, inclusive, and interest secured by the trust deed were paid and canceled. On March 1, 1928, bonds Nos. 8 to 17, inclusive, aggregating the sum of $6,500, were due and payable. These bonds were deposited at that time with H. O. Stone & Co., the depositary named in the trust deed. The defendant L. S. Cougill, the owner of the equity of redemption of the real estate described in the trust deed, not being able to pay the maturing bonds and interest, secured a loan from Nathan Cohn, with the understanding that Cohn was to lend Cougill $5,500 for a period of 60 days, said loan to be secured by the bonds, uncanceled, and which were taken up with the money advanced by Cohn. On March 2, 1928, at his lawyer's office, Cohn delivered to the defendant Cougill a check for $5,500. Cougill indorsed the check and turned it over to a representative of H. O. Stone & Co. together with his own check for $300, and thereupon H. O. Stone & Company's representative delivered to Cohn uncanceled bonds numbered 8 to 17, inclusive, which had matured on March 1, 1928. At that time the defendant L. S. Cougill executed and delivered a bill of sale dated February 29, 1928, selling to Cohn all the defendant's right, title and interest in the bonds, and upon the delivery of the bill of sale Cohn executed and delivered to Cougill a writing dated February 29, 1928, giving an option to Cougill of purchasing the bonds at the price of $6,160, on or before May 1, 1928.

On April 30, 1928, for a consideration of $150 paid to Cohn, he extended the time to exercise the option to

May 15, 1928, and on May 15, 1928, Cohn granted a further extension to May 25, 1928, upon the payment of $100 to him by Cougill.

On June 27, 1928, the loan not having been repaid to him, Cohn served upon the complainant, the Chicago Title & Trust Company, as trustee, a notice and demand in writing requesting the complainant to institute foreclosure proceedings and deposited with the complainant bonds numbered 8 to 17, held by him, and thereafter the complainant filed its bill of complaint.

It is contended by the defendant L. S. Cougill that Nathan Cohn was not the owner of the bonds in question, and could not direct the trustee to institute foreclosure proceedings; that Cohn could only obtain ownership of the bonds by foreclosure of his lien upon the bonds held by him.

The trust deed in the instant case provides that in case of default in the payment of any bonds or interest, the whole of the principal sum shall, without notice, at the option of the owner or holder of any one of the bonds unpaid, become due and payable. Nathan Cohn at the time of the written request upon the trustee claimed that he was a holder of unpaid bonds. The question then arises, Was Cohn such a holder of these bonds as to enable him to lawfully request the trustee to institute foreclosure proceedings? Cohn advanced $5,500 to the defendant Cougill, upon the deposit with Cohn of the uncanceled bonds maturing March 1, 1928, which bonds were given to secure the payment of the amount advanced by him to Cougill, the owner of the real estate covered by the trust deed.

Cougill having failed to pay, the bonds being in default and Cohn being in lawful possession, Cohn as a holder of unpaid bonds, under the terms of the trust deed, may properly request the trustee to institute foreclosure proceedings. To hold otherwise we would have to ignore the agreement of the parties to the trust

deed. The trust deed provides that a holder, as well as an owner of an unpaid bond or interest coupon, due and unpaid after a period of 30 days, is the proper person to request the trustee to institute foreclosure proceedings.

The makers of the bonds are liable for the full amount appearing on the face of the several bonds, and are not interested in the application of the proceeds of sale from the property under the terms of the decree of foreclosure. Cohn has the right to collect the whole amount due upon these bonds and will hold any surplus above his own debt that may be collected as trustee for his debtor, Cougill. *Peacock v. Phillips,* 247 Ill. 467.

It is urged by the defendant that the bonds in question secured by the trust deed involved in this proceeding are usurious upon their face; that this loan provides for the payment of seven per cent, and, in addition, that the makers of the paper shall deposit monthly in advance with H. O. Stone & Co. one-twelfth of the maturities of interest and principal.

This same question was before us and passed upon by this court in the case of *Schiele v. Anderson,* 252 Ill. App. 390. Nothing that has been called to our attention in the instant case has changed our opinion, and we therefore adhere to the views expressed when we said:

"It is argued by counsel for Rubin that this provision tainted the transaction with usury. The contention is untenable. The provision is not an unusual one. It does not result in any increase of interest to the holders of bonds. It simply provides for additional security to them. Its effect is to obligate the mortgagor to conserve a sufficient amount of the monthly rents, issues and profits to enable him to pay the bonds and coupons as they mature. It is deemed unnecessary to cite authorities to show that the arrangement

in question does not result in the payment to the bond-holders of interest at an unlawful rate or in the acceleration of payments of either principal or interest.''

It also appears from the master's report, which was approved by the chancellor, that

"It is also contended on behalf of Cougill that the loan procured from Cohn was usurious. This said contention is sustained by the evidence, but the master finds that usury cannot be set up as a defense in this foreclosure suit, because there was no usury in the original mortgage loan secured by the trust deed sought to be foreclosed in this proceeding.'' This finding of the master is without question correct. Even though the agreement between Cougill and Cohn for a loan was usurious, their agreement cannot affect the original mortgage loan secured by the trust deed in the pending foreclosure proceeding.

The defendant Cougill insists that the order of the chancellor appointing a receiver in the case at bar was based upon an unverified bill of complaint which was filed without notice to this defendant, and was therefore erroneous. It appears from the record that the court had before it and considered the bill of complaint in making the appointment of the receiver, which was not verified. Notice of the application was not given to Cougill, the owner of equity of redemption of certain real estate, the subject of this foreclosure proceeding. Cougill did make a motion to set aside and vacate the order of appointment and in support of this motion filed and presented his affidavit. The court, after a consideration of the facts set forth in the affidavit, denied the defendant's motion. A further motion was entered but not by Cougill to vacate the appointment of the receiver. This motion is still pending. The order appointing the receiver is an interlocutory order, and Cougill could have taken an appeal from this order, but did not perfect one within

the time allowed for such an appeal. However, the defendant had a hearing on the motion. This served the purpose of notice in the first instance, *Hancock v. American Bonding & Trust Co.,* 86 Ill. App. 630, and the chancellor considered the facts offered by defendant's affidavit, and passed upon the merits when the motion was denied.

It has been suggested that this court consider and dispose of the pending motion, but we know of no reason why this court should assume that burden. Failure of the parties to act and dispose of this motion will not warrant the court in assuming other than appellate jurisdiction.

Complaint is made by the defendant that the court erred in allowing the complainant $750 for its services as trustee under the terms of the trust deed. The trust deed provides for a reasonable allowance for a trustee's fee. The master found in his report that $750 was a fair and reasonable charge for the services rendered by the complainant as trustee, and this was incorporated in the decree entered by the court.

There is no reason why this court should disregard the agreement made by Louis Rubin and Bertha Rubin, his wife, and William Klein and Ada Klein, his wife, when they executed the trust deed which contained the provision for the trustee's compensation.

It also complained that the chancellor allowed an appeal upon the defendants' filing a bond of $30,000, and that this amount was excessive. The defendant furnished the required bond, and there is nothing for this court, at this time, to consider with reference thereto.

There being no error in the record, the decree entered in this case is affirmed.

*Decree affirmed.*