Jacob Lieberman, Appellee, v. Herbert Schoenlank et al., Appellees.

Emil A. Wagner, Appellee, v. Herbert Schoenlank et al., Appellees.

Charles W. Kaiser et al., Appellees, v. Anna Schiffman, Appellant.

Gen. No. 37,920.

468

Opinion filed April 1, 1935.

JOHN W. CREEKMUR and LEONARD M. COHEN, both of Chicago, for appellant.

IRVING GOODMAN, of Chicago, for appellees Foreman Trust & Sav. Bank et al.

HARRY L. RUDNICK, of Chicago, for appellees Charles W. Kaiser et al.

BENJAMIN F. FOHRMAN, of Chicago, for appellee Emil A. Wagner.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Anna Schiffman, by leave of court, filed her intervening petition in a foreclosure proceeding objecting to the entry of the decree of sale; her objections were overruled and the decree entered. She appeals.

A bill was filed to foreclose a second mortgage, and subsequently a bill was filed to foreclose a first mortgage on the same premises; the causes were consolidated and proceeded to decree; petitioner is the owner of a bond secured by the first mortgage.

One of the bills made party defendant ''Foreman Trust & Savings Bank, as Trustee, under Trust No. 4200.'' Petitioner argues that the beneficiaries in this trust should have been made parties to the bill.

It is not necessary to make beneficiaries of a trust parties to a foreclosure proceeding where the trustee has power to represent them and is made a party and does represent them in the proceeding. Jones on Mortgages (8th ed.) vol. 3, secs. 1784, 1785, 1786. Many cases are cited by the petitioner but none of them holds contrary to this rule. In *Odell v. Levy*, 307 Ill. 277, the heirs of the deceased mortgagor, who were owners of the equity, were not made parties defendant. They were, of course, necessary parties. In *Dubs v. Egli*, 167 Ill. 514, the trustee was not made a party. None of the other cases cited by petitioner is in point.

In none of the cases cited was it held that it was reversible error not to name alleged beneficiaries as parties where they were represented by and through the trustee. In the case of *In re Petition of Whellock*, 270 Ill. App. 87, it is held that where it appears that a particular party, although not before the court in person, is so far represented by others who are before the court that his interest received action and sufficient protection, the decree will be binding against him. To the same effect is *Hale v. Hale*, 146 Ill. 227.

Moreover, the appearance of the beneficiaries of Foreman Trust No. 4200 has been filed in this court and a brief is presented on their behalf. They have consented to the decree entered by the lower court.

The brief filed on behalf of the Foreman Trust No. 4200 and the beneficiaries calls our attention to what is

termed an anomalous situation. The trustee, the beneficiaries and the complainants—those most vitally interested in proper procedure—all consent to the entry of the decree. Only the petitioner objects—the holder of a $1,000 bond out of a total of a $180,000 bond issue. In *Hinton v. Knott*, 134 Ill. App. 294, it was held that where a nonresident defendant and a necessary party was not properly before the court because of insufficient publication, he alone could object.

In the decree the chancellor fixed an upset price of $45,000 and ordered that unless this was bid the trustee was authorized and directed to bid on behalf of all the bondholders. This procedure followed that approved in *Straus v. Chicago Title & Trust Co.*, 273 Ill. App. 63; *Chicago Title & Trust Co. v. Bamburg*, 278 Ill. App. 1, and *Chicago Title & Trust Co. v. Robin*, 278 Ill. App. 20. The petitioner seems to make the point that the upset price was too low. Ordinarily the setting of a minimum or upset price is discretionary with the chancellor and will not be disturbed by a court of review unless the discretion is abused. In Quindry, Bonds & Bondholders, sec. 316, is set out the factors the chancellor should consider in fixing an upset price.

Abundant opportunity was given all the parties to make suggestions with reference to the provisions of the decree. The petitioner by her counsel appeared, but the record shows only general criticisms on her behalf. Hearings were had and testimony heard as to the values. Two real estate appraisers were examined by the chancellor and by counsel, including counsel for the petitioner. Their valuation of the property was approximately $50,000. The chancellor based his opinion as to the upset price upon the testimony of these appraisers. Only one witness was offered by the petitioner as to the value of the property, but his lack of qualifications was so apparent that

the petitioner withdrew him. We see no reason to disagree with the action of the chancellor with reference to the upset price.

Petitioner criticizes section 43 of the decree of sale, which provides that the trustee is to bid in the premises "in the event a price greater than the minimum herein set forth is not realized." Petitioner says this places a limitation on the right of the trustee to bid. We do not so construe this provision. It follows the procedure in the *Straus* case, where we said that the trustee ought to bid the amount of the indebtedness unless a cash bid is received equal to the upset price fixed by the chancellor. In the instant case the trustee is authorized to bid in the property for all bondholders in the event the upset price is not bid at the sale.

Complaint is made that the fees allowed to the complainant trustee and his solicitor are excessive. No objection was made to these in the trial court and it is too late to make it, for the first time, in this court. However, we have examined the amounts allowed and do not consider them excessive. *Firebaugh v. Seegren,* 265 Ill. App. 381; *Chicago Assets Co. v. Watrous,* 262 Ill. App. 254, and *Chicago Title & Trust Co. v. Rubin,* 265 Ill. App. 509. The amounts allowed were fair and reasonable.

We find no errors in the decree and it is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.