ALLEN WALTERS

*v.*

ISAAC DEFENBAUGH *et al.*

90   241
123  515
90   241
129  498
90   241
77a  268
90      241
98a  1592

1. EXECUTION—*mortgagor's equity of redemption.* A mortgagor's equity of redemption in real estate may be levied on and sold under execution against him, and he can not convey his equity of redemption to a prior mortgagee and thereby cut off the lien of a judgment attaching while he held such interest, but it will still be liable to levy and sale.

2. PLEADING AND EVIDENCE—*questions to be considered must be within the scope of the pleadings.* Upon bill filed by one claiming title to land under a mortgagee to whom the mortgagor had released his equity of redemption, to enjoin a sale of the supposed interest of the mortgagor under an execution issued upon a judgment rendered against him prior to his release to the mortgagee, the only scope of the bill being for an injunction and to prevent a cloud upon the title of the complainant, the question whether the mortgagee, by taking a deed from the mortgagor in payment of the mortgage debt and releasing the mortgage upon the record, has lost his security, will not be considered, that subject not being within the proper scope of the bill.

16—90 ILL.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. BLANCHARD & BLANCHARD, and Mr. H. N. RYON, for the appellant.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was a bill in chancery, filed by appellant against Isaac Defenbaugh, the National Bank of Pontiac, the sheriff of Livingston county and others, praying an injunction to stay the sale of the north-east quarter of section 22, town 30, range 3 east of the third principal meridian, under and by virtue of an execution in the hands of said sheriff. A temporary injunction was granted by the master in chancery. At the October term, 1876, of the Livingston circuit court, an answer was filed to said bill, and a motion entered to dissolve the injunction, and, thereupon, the injunction was dissolved and the bill dismissed at the costs of appellant.

The bill, answer and affidavits read on the hearing of the motion show the following state of facts:

Franklin D. Sweetser and Henry Stanchfield were the owners in fee of said north-east quarter of section 22, and executed a mortgage upon the same to one Hopgood to secure the payment of $2300. Thereafter, in October, 1871, said Sweetser and Stanchfield sold and conveyed said land to Isaac Defenbaugh for $6400. Said Defenbaugh agreed to pay the Hopgood mortgage as so much of the purchase money, and, as security for the remainder of the purchase money, executed to said Sweetser notes for $3000, and gave a second mortgage upon the land to secure the payment thereof. The execution of said deed and second mortgage were contemporaneous acts. Defenbaugh went into the actual possession of the land, and remained in possession until January, 1876. August 10, 1875, the National Bank of Pontiac recovered a judgment in the circuit court of Livingston county against said Defenbaugh and others for $1750.08, on which judgment an execution was

duly issued the same day, and afterwards returned no property found.

It is claimed by appellant that no portion of the purchase money of the land was ever paid by Defenbaugh. On the 14th day of October, 1875, by agreement between Sweetser and Defenbaugh, Defenbaugh re-conveyed said land to Sweetser in full payment of the purchase money aforesaid, and, on the same day, Sweetser executed and placed upon record a release of said second mortgage. Sweetser also paid off or purchased the Hopgood mortgage. On the 21st day of October, 1875, Sweetser sold and conveyed said land to appellant, and received from him notes for $4400, for the purchase money of said land, and a mortgage upon the land to secure their payment.

Afterwards, an *alias* execution was issued on the aforesaid judgment in favor of the National Bank of Pontiac, and against Isaac Defenbaugh and others, and levied by said sheriff on said land, and the land was advertised to be sold on the 1st day of July, 1876. The bill in question was filed to enjoin that sale.

The court below was right in refusing the relief prayed for, and in dissolving the injunction and dismissing the bill. There was no equity in the bill; its only scope was for an injunction and to prevent a cloud upon the title that appellant had derived under the deeds of October 14 and 21, 1875. At the date of the judgment, August 10, 1875, Defenbaugh was the owner of the land and in possession; he held it, however, subject to the payment of the two mortgages which were liens upon it. The judgment became a lien upon all the right, title and interest of Defenbaugh in the land, and that interest, at all events, was subject to sale on the execution. The bank had the clear right to purchase that interest and afterwards redeem, if it saw fit, from the mortgages. Unless the land were redeemed by Defenbaugh or his grantees, the bank would thus get title. A mortgagor's equity of redemption in real estate may be levied on and sold. *Curtis* v. *Root*, 20 Ill. 53; *Finley* v.

*Thayer*, 42 id. 350. A judgment debtor can not, by conveying his equity of redemption to a prior mortgagee, cut off the lien of a judgment. The judgment creditor is entitled to receive the value of the interest of the judgment debtor in the land, be that value much or little. Although Defenbaugh may have paid little or even nothing on the land, yet, it does not follow his interest was of no value. Value is very much a matter of opinion, and the bank or some other purchaser at the judicial sale might have regarded Defenbaugh's interest of considerable value. At all events, the law gave a lien upon and a right to sell whatever interest he had.

Counsel for appellant argue at considerable length the question as to whether Sweetser, the mortgagee, by taking a deed from the mortgagor in payment of the debt secured thereby, and releasing the mortgage upon the record, has lost his security, and it is urged that the court will not permit the mortgaged premises to be swept away under the pretense that the lien had been lost by merger. We do not regard this question as before us for decision; it is not within the scope of the bill filed, and is not involved in this record. If a bill should be filed to foreclose the mortgage or mortgages, then that and other questions not here considered might arise. We will, however, at the suggestion of counsel for appellant, direct that the decree of the circuit court be modified, and the bill be dismissed without prejudice. With this modification the decree of the court below is affirmed.

*Decree modified and affirmed.*