THE UNION NATIONAL BANK *et al.*

*v.*

THE INTERNATIONAL BANK *et al.*

*Filed at Ottawa January 19, 1888.*

1. USURY—*who may avail of it as a defence—as to a junior mortgagee, or subsequent purchaser from the mortgagor.* The right to set up usury as a defence is personal to the debtor. If any one is injured by the usury it is he, and if he chooses to perform the contract or to waive the defence of usury, no one else has a right to say he shall not do so. It is for him to elect. Those who are in privity with the debtor, it is held, may also set up the defence. There is no privity either in contract or estate between the mortgagor in a usurious mortgage and the mortgagee in a junior mortgage.

2. When the mortgagor, however, conveys his equity of redemption by deed, the grantee will then be in privity of estate with him in the mortgaged premises,—that is, he will then occupy the same relation toward them that the mortgagor before did; and thereafter the mortgagor will have no interest, whether the usurious mortgage shall be enforced or defeated, and the grantee will have the right, at his election, to interpose the defence of usury.

3. But a second mortgagee whose mortgage has not been foreclosed, and who has not been let into possession under his mortgage, can not interpose the defence of usury, in the indebtedness secured by a prior mortgage, to a bill for the foreclosure of the prior mortgage.

4. In this State a junior mortgage conveys no interest vested by a prior one, and in case of usury, under our statute, in the senior mortgage, the junior mortgage can only confer a lien upon the mortgagor's equity of redemption,—that is, a right to redeem from the prior mortgage, if the mortgagor shall not pay the debt secured by the junior mortgage on or before maturity.

5. So when the mortgagor in an usurious mortgage gives a second mortgage, which is merely a lien, his right to elect whether to interpose the defence of usury is not cut off, and while he has such right of election it can not be exercised by the second mortgagee. A junior lienholder has no right to diminish the amount due to another under a prior lien, by the defence of usury, for the enlargement of his own lien.

6. SAME—*usury as affecting validity of mortgage security.* Our statute does not declare the mortgage securing a debt in which is charged usurious interest, void, but it merely declares the *interest* contracted to be received, void. Such a mortgage is valid, and may be enforced as to the original debt, and the usury only affects the accounting.

7. Res judicata—*decision of question in another case.* After a party has brought a question before this court in one case and it has been decided adversely to him, it will conclude him, and he can not have the same question passed upon in another case in which he is a party. If the court had jurisdiction, his only remedy is by application for a rehearing.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding.

Mr. Melville W. Fuller, Messrs. Williams & Thompson, and Messrs. Herrick & Martin, for the appellants:

Each of the appellants had the right to set up usury in the Rosenthal deed of trust. *Maher* v. *Lanfrom,* 86 Ill. 521; *Pike* v. *Crist,* 62 id. 461; *Safford* v. *Vail,* 22 id. 327; *Henderson* v. *Bellew,* 45 id. 322; *Valentine* v. *Fish,* id. 462; *Essley* v. *Sloan,* 116 id. 391; Jones on Mortgages, secs. 644, 646; 2 id. secs. 1, 494; 1 Hilliard on Mortgages, (4th ed.) 459; *Thompson* v. *Vechten,* 27 N. Y. 568; *Berdan* v. *Sedgwick,* 44 id. 636; *Dix* v. *Van Wick,* 2 Hill, 522; *Shufeldt* v. *Shufeldt,* 9 Paige, 127; *Devlin* v. *Shannon,* 65 How. Pr. 148; *Pinnell* v. *Boyd,* 6 Stew. Eq. 600; *Brolaski* v. *Miller,* 1 Stock. Eq. 805.

Messrs. Smith & Pence, for the appellees:

The defence of usury is personal, and can only be made by the borrower, or with his consent by a person in privity with him, but not without his consent. *McGill* v. *Ware,* 4 Scam. 21.

The legislature can change or repeal the penalty for taking usury after the loan is made. *Parmalee* v. *Lawrence,* 48 Ill. 339; *Wooley* v. *Alexander,* 99 id. 188.

A subsequent mortgagee can not plead usury, as against the prior mortgage. *Adams* v. *Robertson,* 37 Ill. 45; *DeWolf* v. *Johnson,* 10 Wheat. 393; *Chamberlain* v. *Dempsey,* 36 N. Y. 149; *Sands* v. *Church,* 2 Seld. 351; *Bensley* v. *Homier,* 42 Wis. 631; *Ready* v. *Huebner,* 46 id. 692.

The cases of *Maher* v. *Lanfrom,* 86 Ill. 513, *Valentine* v. *Fish,* 45 id. 462, and *Henderson* v. *Bellew,* id. 322, are where

the persons raising the questions were subsequent purchasers of the fee, and not applicable.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question is presented upon this record, whether a second mortgagee, whose mortgage has not been foreclosed, and who has not been let into possession under his mortgage, may interpose the defence of usury in the indebtedness secured by the first mortgage, to a bill in chancery for the foreclosure of that mortgage. It has been several times said in opinions of this court, that it may, but the question has never before been before us for adjudication, and the remarks, in that respect, were unnecessary to a decision of the questions under consideration, and are therefore not conclusive upon us now.

In *Valentine et al.* v. *Fish*, 45 Ill. 468, the late Mr. Justice BREESE, in delivering the opinion of the court, said: "The doctrine is well established that the owner of land, who has given a usurious mortgage upon it, may sell or mortgage the land to another generally, and give to such purchaser or mortgagee, by express agreement, the same right to contest the validity of the first mortgage as he has himself. But he may affirm the validity of the usurious mortgage by selling only the equity of redemption in the mortgaged premises, or by selling or mortgaging the land, subject, in express terms, to the previous mortgage, in which case the purchaser, or subsequent mortgagee, will be entitled to the equity of redemption merely, and can not question the validity of the prior mortgage." And for authority he referred to *Shufeldt* v. *Shufeldt*, 9 Paige, 137, *Green* v. *Kemp*, 13 Mass. 515, *Spengler* v. *Snapp*, 5 Leigh, 478, *Ferris* v. *Crawford*, 2 Denio, 595, and *Henderson* v. *Bellew*, 45 Ill. 322. But the bill in that case was, by the mortgagors and the owner by subsequent *purchase* of the equity of redemption, to redeem.

In *Henderson* v. *Bellew*, the bill was also by the owner by subsequent *purchase* and grant of the equity of redemption, and to

redeem. In that case, the only ruling pertinent here is thus stated: "We hold the better rule to be, that if, in a sale of land subject to a mortgage tainted with usury, the *purchaser* is informed of the fact of usury by the vendor, and authorized by him to set it up as against the mortgage, the abatement to which the mortgage would be subject on account of usury thus constituting an element in the price of the land, the *purchaser,* in such circumstances, would be at liberty to raise the question."

In *Pike* v. *Crist et al.* 62 Ill. 462, the owner, by purchase and grant, of the equity of redemption, sought to interpose usury as a defence to a bill to foreclose a mortgage, and it was held admissible, because he accepted title expressly subject to the prior mortgages, "except as to usurious interest in the same."

In *Maher et al.* v. *Lanfrom,* 86 Ill. 513, the purchaser and grantee of real estate incumbered by a prior mortgage, was allowed to interpose the defence of usury to a bill to foreclose that mortgage, and in the opinion then filed, the language we have quoted from the opinion in *Valentine* v. *Fish, supra,* is referred to in argument, and assumed to be authoritative.

There are also other cases, to which it is needless to make reference, in which there are rulings recognizing the right of the purchaser of the equity of redemption to set up the defence of usury to the foreclosure of a prior mortgage. But neither in the cases to which we have referred, nor in any other which we are able to call to mind, was it necessary to consider, nor was it, in fact, considered, whether a second and junior mortgage occupies precisely the same position with reference to a prior and senior mortgage, as that occupied by the subsequent *purchaser* and grantee, by an absolute deed, of the title to the property or the equity of redemption.

It is, therefore, fairly to be assumed, that the use of the word "re-mortgage," and other kindred expressions, in *Valentine* v. *Fish,* and their repetition in subsequent cases, were simply because of a too literal following of the language in some of the opinions in the cases cited and relied upon to support the

33—123 ILL.

decision then made, and not because it was found, after due consideration, indispensable to the argument that they should be used; and a slight investigation will demonstrate that it can not follow that because those words were accurate in the cases cited by Mr. Justice Breese, they must also be accurate under the materially different phraseology of our statute in relation to usury. Under the statute controlling in those cases, it will be seen, by examination, that a mortgage securing a debt in which usurious interest was charged, was, at the election of the mortgagor and his privies, absolutely void. He and they were, in such case, authorized to treat the mortgage as a nullity, and to wholly disregard it, and consequently might subsequently sell and convey, or re-mortgage, just as if it had never been executed. This is shown by the chancellor, in his opinion in *Shufeldt* v. *Shufeldt*, 9 Paige, 145, where he says: "In the ordinary case of the giving of an usurious mortgage by the owner of the mortgaged premises, the statute having declared the usurious security void, the owner of the premises, of course, has the right to sell his property, or to mortgage the same, as though such void mortgage had never existed."

Necessarily, then, in this view, the second mortgage, at the election of the mortgagor, is to be treated as a first or original mortgage, and creating a privity of estate between the mortgagor and mortgagee. But this line of reasoning is not possible under our statute in relation to usury. It does not declare the *mortgage* securing indebtedness on which usurious interest is charged, void. It merely declares the *interest* contracted to be received, *void*. (Rev. Stat. 1874, chap. 74, sec. 6.) The mortgage, in such case, therefore, is valid, and must be enforced, to secure the payment of the money actually loaned. The usury only affects the accounting. See *Snyder* v. *Griswold*, 37 Ill. 216.

The second and junior mortgage conveys no interest vested by the first and prior mortgage; and so even in case of usury, under our statute, in the first and prior mortgage, the second

and junior mortgage can only confer a lien upon the mortgagor's equity of redemption,—that is, a right to redeem from the prior mortgage if the mortgagor shall not pay the debt secured by the junior mortgage on or before maturity.   See *Dodd* v. *Snyder*, 44 Ill. 53.

The right to set up usury as a defence is personal to the debtor.   If any one is injured by the usury, it is he, and it is for him to say whether he has been injured or not.   If he chooses to perform the contract, or to waive the defence of usury, no one else has a right to say that he shall not do so. It is for him to elect.   (*Safford et al.* v. *Vail*, 22 Ill. 327 ; *Maher et al.* v. *Lanfrom et al. supra;* Tyler on Usury, chap. 21, and authorities cited.)   Those, however, who are in privity with the borrower, it is held, may also set up the defence.   "The term 'privity,'" says Greenleaf, in his work on Evidence, (vol. 1, sec. 189,) "denotes mutual or successive relationship to the same rights of property."   There can be no ground for pretending that there is privity between the mortgagor of a usurious mortgage and the mortgagee of a subsequent and junior mortgage, other than by contract or in estate ; and we think it quite clear that there is no privity in either of these respects.   It is enough to say, on the question of privity by contract, that the junior mortgagee was neither directly nor indirectly a party to the usurious contract, and he derives and makes claim to no right through or resulting from it.

With regard to the question of privity in estate, it is to be observed that the equity of redemption of the mortgagor, under our statute, may be levied upon and sold by virtue of an execution, and the purchaser obtaining a sheriff's deed thereafter will take all the interest he had in the land.   (*Walters* v. *Defenbaugh*, 90 Ill. 241.)   And on the same principle, manifestly, the mortgagor may at private sale sell the equity of redemption, and convey it by deed to the purchaser, and the purchaser will then be in privity of estate with him in the mortgaged premises,—that is, he will then occupy the same relation

towards them that the mortgagor did, and, necessarily, thereafter the mortgagor will have no interest, in the absence of covenant or agreement affecting the question, in the usurious mortgage. Whether it shall be enforced or defeated will be to him alike immaterial.

But it would seem to be self-evident that the same right to elect to plead usury to a mortgage, or to waive the usury and affirm the entire validity of the mortgage, can not be in different and distinct parties in interest at the same time, for if this were not so, one party might elect to do one thing and the other party might elect to do directly the opposite, and thus one election would nullify the other. The equity of redemption of the mortgagor is the right to redeem from the first and senior mortgage, either by paying the amount of the principal debt only, or by paying that amount and the amount of interest usuriously contracted to be paid, as he shall elect. The junior mortgage, conveying a lien only on that right, does not cut it off, but leaves it still to be exercised by the mortgagor until he shall terminate it by grant or it shall be terminated by foreclosure. The junior mortgagee does not therefore occupy the same relation towards the property that the mortgagor did before he executed that mortgage, and since the mortgagor has not parted with his right of election to plead or to waive the defence of usury, it is impossible that the junior mortgagee can have acquired it.

We have expressly held that the mere fact that a creditor has a lien on land by virtue of a mortgage, gives him no right to set up usury as against the claim of a co-creditor secured by the same mortgage. (*Adams et al.* v. *Robertson*, 37 Ill. 45.) And this would seem to necessarily follow from the legal proposition that no one can demand the execution of a particular mortgage, because, alone, of his being a creditor. Whether a debtor shall execute any or what mortgages to secure his creditors, depends upon his sense of justice to his creditors, and although the creditor may decline to accept a given mortgage,

if he shall elect to accept it, he must, in the absence of fraud, accept it as it is written. The effect of allowing usury in *Adams et al.* v. *Robertson* would have been to have increased the amount that might be resorted to in satisfaction of the one debt by decreasing the amount of the other debt secured by the mortgage,—and this is precisely the effect of a junior mortgagee pleading usury to a prior mortgage. The principle is the same, though the result would, in the amount of benefit to the pleader, be slightly different. It is not perceived that the circumstance that the party in *Adams et al.* v. *Robertson* voluntarily took his mortgage, is one to vary the principle from that applicable where usury in the prior mortgage is pleaded by the second and junior mortgagee. The junior mortgagee takes his mortgage quite as voluntarily as does the co-mortgagee. No principle of estoppel was applied in that case, and none is now believed to have been applicable. The decision rests alone on the ground that a creditor secured by a mortgage lien, as such only, has no right to diminish the amount of another mortgage lien, by the defence of usury, for the enlargement of his own lien,—and this was ruled in *Darst* v. *Bates,* 95 Ill. 493.

These views render an examination of the numerous questions discussed by counsel for the Union National Bank and the heirs of Coolbaugh, upon the pleadings and the rulings in admitting and excluding evidence, unnecessary. Under no state of pleading would it have been admissible for the Union National Bank and the heirs of Coolbaugh, as second mortgagees, to have introduced evidence proving usury in the mortgage securing the notes held by the International Bank, Lowenthal, Austrian, and others.

The errors assigned by Larned can not be considered. He brought the same questions before us for consideration in *Miller* v. *Larned,* 103 Ill. 562, and that decision was only subject to review on petition for rehearing. (*Manufacturing Co.* v. *Wire Fence Co.* 119 Ill. 30.) It may be that on the

principle of *International Bank* v. *Jenkins*, 109 Ill. 219, we ought not to have taken jurisdiction of the case; but we did so, and, undoubtedly, we had jurisdiction of the subject matter and of the person, and therefore the decision was not a nullity. At most it was erroneous, only, (*Curtiss* v. *Brown*, 29 Ill. 231, *Thomson* v. *Morris*, 57 id. 333,) and the remedy was, as stated *supra*, by petition for rehearing. See, also, *Norton* v. *Moshier*, 114 Ill. 146.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER took no part in the decision of this case.