HENRY R. CRAWFORD

*v.*

JOHN NIMMONS.

*Opinion filed June 17, 1899.*

1. DEEDS—*deed made subject to mortgage creates no personal liability.* A deed merely made subject to a mortgage specified therein does not render the grantee personally liable for the mortgage debt, as to create such liability there must be something in the nature of a contractual obligation amounting to an agreement by the grantee to pay off the encumbrance.

2. JUDGMENTS AND DECREES—*foreclosure decree must be in rem, in absence of personal liability.* On foreclosure of a mortgage, where there is no one before the court who is personally liable on the mortgage debt, the decree must be *in rem,* and the proper form is to find the amount due to the mortgagee and order the premises sold unless the amount is paid within the time fixed by the decree.

3. SAME—*when foreclosure decree is not personal.* A foreclosure decree finding an indebtedness due from the defendant to complainant when in fact there is no indebtedness due from the defendant, he not being personally liable on the debt, but which also provides that the premises be sold in default of payment and that no decree for deficiency shall be taken, is not a personal decree.

4. USURY—*defense of usury is personal to the mortgagor and those in privity with him.* The defense of usury is personal to the mortgagor and those in privity with him, but his grantee may make the defense, in the absence of any agreement or understanding that he is to pay the encumbrance, with usury.

5. SAME—*when grantee cannot raise defense of usury.* Where the usury has become part of the consideration for the agreement between the mortgagor and his grantee, such fact is an affirmance of the debt by the mortgagor, and the grantee having contracted with a view to paying the encumbrance, cannot raise the defense.

6. SAME—*that deed is made subject to usurious mortgage does not work estoppel.* The mere fact that a deed is in express terms made subject to an usurious mortgage does not estop the grantee from raising the defense of usury on foreclosure.

*Crawford* v. *Nimmons,* 80 Ill. App. 543, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. S. L. DWIGHT, Judge, presiding.

LANE & COOPER, and H. H. WILLOUGHBY, for appellant.

CREIGHTON & GARDNER, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 2, 1894, Jesse A. Neal owned eighty acres of land, and, together with his wife, executed a mortgage on the same to appellee, John Nimmons, to secure a note of said Neal of the same date for $2000, payable to appellee three years after date, with interest at eight per cent per annum. Neal paid $160 interest for one year, and on February 28, 1898, with his wife, conveyed the land to appellant, Henry R. Crawford, by a warranty deed in the statutory form, for an expressed consideration of $3500. The deed contained this clause: "Subject to a certain mortgage indebtedness of $2000, and interest thereon, dated January 2, 1894." Appellee afterward filed his bill in this case against said Jesse A. Neal, the mortgagor, and his wife, and the appellant, Henry R. Crawford, their grantee, to foreclose the mortgage, but dismissed the bill as to the mortgagor and his wife, leaving appellant the sole defendant. The bill, as amended, alleged that the mortgagor and his wife conveyed the premises in question to defendant for the agreed price of $3500; that defendant retained $2500 of the purchase money to pay the mortgage, and that he became liable to complainant in the amount of the mortgage indebtedness. The answer of defendant set up usury in the making of the note and mortgage bearing interest at eight per cent, while the statute allowed parties to contract only for seven per cent. He denied that there was any deduction from the price of the land on account of the encumbrance, or that he retained $2500, or any sum, from the purchase price for the purpose of paying the mortgage indebtedness, and alleged that when he purchased the premises it was

agreed he should be subrogated to all the rights of his grantor and should have the right to interpose the defense of usury. He made a tender of $1840 and the accrued costs, and brought the money into court. The cause was heard, and the evidence consisted only of the note and mortgage, the conveyance from Neal and wife to defendant, and proof of signatures and delivery. There was no evidence as to the amount of consideration or payment thereof, except as shown by the deed, and no proof of the averment that appellant retained any part of the purchase money to meet the mortgage or that any deduction was made on account of the encumbrance. The court entered a decree finding that there was due complainant from defendant on the note and mortgage $2483.75, and ordering defendant to pay the same to complainant in twenty days. The decree provided that in default of such payment the premises should be sold, and that no decree for a deficiency should be taken. On appeal the Appellate Court affirmed the decree.

It is first contended that the court committed an error in finding that there was due from the defendant, who did not sign the note and had not assumed the indebtedness, the sum of $2483.75, and ordering him to pay that sum to complainant in twenty days. A deed which is merely made subject to a mortgage specified in it does not render the grantee personally liable for the mortgage debt. To create such a liability there must be something in the nature of a personal, contractual obligation which amounts to an agreement on the part of the grantee to pay off the encumbrance. (*Fowler* v. *Fay*, 62 Ill. 375; *Rapp* v. *Stoner*, 104 id. 618; *Comstock* v. *Hitt*, 37 id. 542; 1 Jones on Mortgages, sec. 748; *Consolidated Coal Co.* v. *Peers*, 166 Ill. 361; 15 Am. & Eng. Ency. of Law, 832.) There was no one before the court who was personally liable for the debt, and it would be error to render a personal decree. If a court having jurisdiction should find a personal indebtedness against a defendant he would not be permitted to

dispute it in another suit, and an action of debt might be maintained on the finding. In such a case there can only be a decree *in rem*, and the proper form is to find the amount due to the mortgagee and to order the mortgaged premises sold unless such amount shall be paid within a time limited by the decree. (*Shaffner* v. *Appleman*, 170 Ill. 281.) Personal decrees in such cases were held to be erroneous in *Snell* v. *Stanley*, 58 Ill. 31, and *O'Brian* v. *Fry*, 82 id. 274, but in other cases, where it has appeared that the decree did not find an indebtedness from the defendant to the complainant, the order to pay within a certain time has been regarded as an option to pay or not, and the decree as alternative. *Gochenour* v. *Mowry*, 33 Ill. 331, and *Glover* v. *Benjamin*, 73 id. 42, are cases of that kind. This decree finds an indebtedness from defendant to complainant when there was nothing due from him, but there is at the end of the decree a provision that there shall be no personal decree for a deficiency. It is insisted that this latter provision is upon condition that the premises shall sell for the whole amount of the debt, but, while the decree is not very clear, we interpret it to mean that there shall be no personal decree in any event. Taking the whole decree together, we do not regard it as personal against the defendant.

The note and mortgage were made after the statute had been changed so as to allow contracts for seven per cent interest and to make anything above that rate usurious. The bill alleged that there was a subsequent agreement between the parties by which accrued interest and interest to accrue should be at the rate of seven per cent per annum, but there was no evidence of such an agreement. The court, in computing the interest, figured it at seven per cent, and not in accordance with the terms of the mortgage or the evidence, and it is argued that this was error and that the court made a new contract for the parties. It was only the ascertainment of the amount due by a method which made a difference in

favor of the defendant in the amount of the encumbrance, and he cannot complain of it.

The contract being tainted with usury, the important question to be considered is whether the defendant, as grantee of the mortgagor, was in a position to avail himself of the defense. He was not permitted to set up the defense, and it is insisted that he could not do so because of the clause in the deed to him that the conveyance was subject to the mortgage. The privilege of pleading usury is personal to the mortgagor and those who are in privity with him, but if there is no agreement or understanding about it his grantee will have the right to make the defense. (*Union Nat. Bank* v. *International Bank*, 123 Ill. 510; *Mason* v. *Pierce*, 142 id. 331; *Lloyd* v. *Scott*, 4 Pet. 205.) On that subject it is said in *Maher* v. *Lanfrom*, 86 Ill. 513, that an implied authority from the mortgagor is all that is required, and when it is not agreed or understood that the grantee or subsequent mortgagee shall pay the encumbrance with the usury, the authority to make the defense will be implied. In considering the question as to what shall be regarded as an affirmance by the mortgagor of the amount and validity of the mortgage debt, it is, perhaps, not easy to reconcile all the expressions used in the different opinions. It has sometimes been said, in substance, that if the mortgagor sells the land subject, in express terms, to a previous mortgage, the purchaser cannot question its validity; but when the cases are examined it will be found that additional facts have been required to prevent the grantee from making the defense. In all the cases where it has been held that the grantee cannot question the validity of the mortgage, he has purchased the property on the basis of a clear title, at an agreed price, and has assumed to pay the mortgage debt as a part of the consideration, or the amount of such debt has been deducted from the purchase price of the land on the basis of such clear and complete title. In such cases the grantee has paid to his grantor

that part of the purchase price representing the estimated value of the equity of redemption and has reserved the amount of the encumbrance, which he has either agreed to apply in satisfaction of it or which he has held to protect himself against the encumbrance by exercising his option to pay it and save the property or to let it go under the encumbrance. The expression noted above was used in *Valentine* v. *Fish*, 45 Ill. 462, but in that case the defense was allowed, although there were four successive conveyances of the mortgaged premises, in which the deeds were made subject, in express terms, to the usurious mortgage. In *Maher* v. *Lanfrom, supra*, the case of *Valentine* v. *Fish* was discussed, and it was said that although the conveyances were all in terms subject to the mortgage, the defense of usury was allowed to the mortgagor and the remote grantee. It was not considered that there was any estoppel from the mere fact that the conveyances were made subject to the mortgage. In *Essley* v. *Sloan*, 116 Ill. 391, the court found, from the evidence, that the encumbrances were figured up and amounted to $7.68 per acre, which amount was counted in to make up the price to be paid for the land. The encumbrances formed part of the consideration for the purchase, and it was immaterial what the presumption would be without proof as to their forming a part of the consideration. In such a case as that it would be permitting a fraud to allow the grantee to plead usury. If the mortgagor chooses to affirm his contract and sets apart, out of the purchase price for the complete title, an amount sufficient to pay it, whether with an express agreement of the grantee to make such payment or with an option to either pay or suffer foreclosure, the grantee cannot question the amount. If the usury has become a part of the consideration in the agreement between the mortgagor and his grantee, it is an affirmance of the debt by the mortgagor, and when the grantee contracts with a view to the payment of the encumbrance, equity demands

that he shall pay it or lose the property. There was no evidence of such a condition here. Although the fact was averred it was not proved, and unless there is a presumption, in the absence of proof, that the amount of the mortgage was a part of the consideration reserved by the defendant the decree cannot be sustained. We do not think that it has been intended in any case to hold that there is a presumption of law, contrary to the recitals of a deed, that the amount acknowledged to be paid was not in fact paid and that part of it was reserved on account of an encumbrance. It would seem more likely, if the consideration named was not paid but consisted, in part, of something to be paid, that there would be an assumption of the debt or some showing that it was a part of the consideration. The effect of the mention made would be to exempt the encumbrance from the covenants of warranty. The mortgage was recorded and the conveyance would be subject to it, whether anything was said about it or not. By putting the clause in the deed the grantor did not warrant against the mortgage, but we do not see how the presumption follows that the defendant was buying a clear title at $3500 and that part of it was retained to cover the mortgage. Our study of the question leads us to the conclusion that the evidence did not justify the court in precluding the defendant from making his defense, and that the mere mention of the mortgage in the deed did not bar him from doing so.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with leave to either party to introduce further evidence if he shall be so advised.

*Reversed and remanded.*