### The First National Bank of Atwood v. Callie Drew.

1. USURY—*when grantee may set up claim of.* A grantee may set up the claim of usury where there was no agreement or understanding between such grantee and his grantor which would preclude the interposition of such a claim.

2. USURY—*what will not preclude right to set up claim of.* The fact that a grantee became such in fraud of creditors will not defeat his right to set up a claim of usury against the holder of an encumbrance upon the property.

3. VARIANCE—*when will not reverse.* A variance slight in character which did not result in prejudice is not ground for reversal.

Bill for accounting. Appeal from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

ECKHART & MOORE, for appellant.

LE FORGEE & VAIL, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Callie Drew filed a bill against The First National Bank of Atwood, asking for an accounting, stating among other things that there was usury in a loan made in 1897 to Levi Drew, her husband, for the sum of $1,556.26 due in two years from that date, which should be credited to her in an accounting, and asking to have such accounting embrace items that pertained to the business of Levi Drew, for whom one Thomas D. Slater, cashier of said bank, had been, and was, acting as conservator. The issues were closed upon the bill and the cause referred to the master in chancery who took the evidence and reported the same to the court together with his conclusions. Such master in chancery found that there was usury involved in the loan so made in the year 1897, but further found that said Callie Drew was estopped from pleading usury on said loan by the accepting of a deed for lands from said Levi. Said master further found that all business which had been done by said Slater as conservator of Levi Drew, and for which said Callie asked for an accounting, had been done by the procurement of said Callie Drew, and she could not, therefore, disturb such accounting by the conservator.

The cause was heard before the Circuit Court of Douglas county upon the master's report and exceptions thereto, and a decree rendered sustaining the report of said master, except as to his finding that Callie Drew was estopped from setting up and claiming usury. A decree was rendered allowing credit to said Callie Drew for the item of usury, but requiring her to pay five per cent. upon the loan in which the usury was embraced, and declaring and finding the balance due from said Callie to the said bank to be the sum of $2,018.08, and directing that upon payment of such sum within one hundred and twenty days

from the date of said decree, that said bank cancel, release and surrender all notes and claims against said Callie and Levi Drew and release all lands and interests therein held by said bank as security, for the indebtedness of Levi and Callie Drew. The bank appealed from said decree and assigned errors, and said Callie Drew has assigned cross-errors.

The master in chancery found from the evidence that on the twenty-seventh day of October, 1897, Levi Drew, a spendthrift, the husband of appellee, executed his note to the order of the "Atwood Bank" for the principal sum of $1,556.26 payable on or before two years from said date with interest at 7 per cent.; but that said Levi received therefor only $1,236.56, leaving a difference, as usury, in the bank's hands of $319.70 at the time the note was executed. The master also found that after the maturity of said note and in the year 1902, said "Atwood Bank" was reorganized and incorporated as The First National Bank of Atwood, and, as such, owned the note in question.

It further appears from the evidence and the findings of the master that on the thirty-first day of August, 1901, said Levi and Callie Drew conveyed their real estate to one Henry Albers, who, in turn, on the same day, conveyed the same to said Callie Drew and that the object of placing the title to said lands in said Callie Drew, as stated by the master, was to enable her to procure a loan for the purpose of paying the indebtedness due to said appellant on said note for $1,556.26.

It also appears from the evidence and the findings of the master that after the making of the loan of $1,556.26 said Levi Drew became greatly involved to various parties, had to make additional loans from appellant to avoid serious loss, and in order to preserve any portion of his estate it became necessary that some one should be appointed conservator to care for his lands and leases. Thereupon, in April, 1903,

upon the petition of said Callie Drew, said Thomas D. Slater was appointed conservator of the estate of said Levi, by the County Court of Douglas county, who thereupon took charge of the several properties of said Levi and managed the same under his appointment.

Upon the trial of the cause in the Circuit Court an accounting was rendered by appellant to which the court gave full credit, except in respect to the item of usury which the court allowed to Callie Drew, as grantee of Levi Drew under said deed of August 31, 1901. Appellant now contends that said appellee cannot be heard to urge usury in the accounting, but that she is estopped from making such claim upon the theory that it was agreed between Levi Drew and his wife Callie, at the time the deeds were made and she secured title to the lands, that she would get the money and pay off the bank debt, *i. e.,* the debt on which usury is now alleged.

Great stress is laid by appellant upon the case of Crawford v. Nimmons, 180 Ill. 143, in which it is held that, "If the usury has become a part of the consideration in the agreement between the mortgagor and his grantee it is an affirmance of the debt by the mortgagor and when the grantee contracts with a view to the payment of the encumbrance, equity demands that he shall pay it or lose the property." In that decision it is also stated, in substance, that "In all the cases where it has been held that the grantee cannot question the validity of the mortgage, he has purchased the property, on the basis of a clear title, at an agreed price, and has assumed to pay the mortgage debt, as a part of the consideration, and the amount of such debt has been deducted from the purchase price of the land."

This opinion, in our judgment, in no way modifies the rule announced in Union National Bank v. International Bank, 123 Ill. 510, that where the mortgagor conveys his equity of redemption by deed, the

grantee will then be in privity of estate with him, and if there is no agreement or understanding about it, will have the right, at his election, to interpose the defense of usury. The tenor of the decision in the Crawford case is, that in those cases where the grantor in selling does some act which amounts to an affirmance of the usurious contract and thus withholds from the grantee a right, which he would otherwise have, to interpose the defense of usury, the grantee should not be allowed in equity to violate such affirmance by the grantor, by setting up usury.

In the case at bar we do not see from all the evidence how it can be claimed there was any understanding or agreement that Callie Drew was to pay any more than Levi Drew could be forced to pay to extinguish the debt in dispute.

Levi and Callie Drew were husband and wife when the deed was made. He was a spendthrift and so improvident and incapable that only a short time after the deed was made to his wife it became necessary to have a conservator appointed to manage his estate. There was, in fact, no consideration, in a money sense, involved in the transaction from which the debt to the bank could be deducted. The deed was good between the parties without consideration and was evidently made when Levi was in failing circumstances for the purpose of saving his property from further loss. There was no agreement between Levi and Callie Drew to the effect that Callie Drew was to pay any usury upon his account or that Levi retained or reserved to himself the right to insist upon his wife's paying the usury involved.

Appellant next contends that as appellee asked for affirmative relief in her bill as against the usurious contract, that she should have tendered or offered to pay in her bill the amount actually received by Levi Drew from the bank with legal interest, and insists that as she did not do so she cannot be allowed such item.

First Nat'l Bank of Atwood v. Drew.

There is no merit in this claim. The bill as presented was for an accounting, which made it necessary for the bank, or its cashier, to show or give in evidence a large number of receipts and disbursements to enable the master to state the account between the parties. Until that was done it could not be known whether or not there was anything due to the bank, from which the usury, if established, could be deducted. Furthermore the bill alleged in terms that Callie Drew offered to pay such sum or sums as might, upon an accounting, be found to be due from her. This was sufficient in such a case.

Appellant next argues that appellee did not come into court with clean hands, because she acquired title to the lands involved without consideration, or in fraud of the rights of creditors. That is a matter that does not concern appellant. The deed between Levi and appellee was good as between them without any consideration, and appellant is not in court complaining that its rights as a mere creditor were put in jeopardy by the conveyance. Appellant has no claim beyond the amount due it on the accounting which the appellee in her bill offered to pay in full as soon as fixed by the court.

Other matters are urged upon the court that do not go to the merits of the controversy, one of them being that there was a variance between the statements in appellee's bill relating to the charge of usury and the evidence upon that subject. The alleged variances, however, are very slight in character and are not of such a nature that appellant can be said to have been in any way prejudiced thereby. The equities of the case are with appellee upon the subject of usury, and the decree of the trial court in allowing her the benefit of such claim upon the accounting was right.

Appellee has argued cross-errors claiming that the trial court erred in not requiring appellant to account direct to her, and that she is not bound to accept the

accounting which has been rendered by Slater as conservator upon the estate of Levi Drew. The master found, however, and the evidence fully sustains the finding, that said Slater was appointed conservator of said Levi Drew by the County Court of Douglas county upon the petition of said Callie Drew. Therefore, as Slater was appointed by the procurement of appellee, and, so far as the evidence shows, she made no effort to remove him, but allowed him to manage the estate as such conservator, she must be held to have acquiesced in the conducting of the business as reported by him.

The decree of the Circuit Court was right and is affirmed.

*Affirmed.*