Golda Hix, Appellee, v. B. F. Johnson, Appellant.

Gen. No. 8,231.

Heard in this court at the April term, 1928. Opinion filed July 2, 1928.

H. R. SNAVELY, for appellant.

CHARLES TROUP, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Golda Hix, appellee in this cause, filed a bill in the circuit court of Clark county on the chancery side thereof, against B. F. Johnson, appellant herein, and one Buxbaum, charging that certain notes and a mortgage securing the same made by A. H. Hix and Lucille Hix (appellee's grantors of the real estate covered by the mortgage) to Buxbaum, and indorsed and assigned by Buxbaum to appellant, were tainted with usury and praying that an account be taken by the court of the principal sum loaned with legal interest, less credit for payments made thereon, and that appellee be allowed to redeem from said mortgage upon payment of the amount so to be found due upon said accounting.

Appellant answered and among other things set up by way of an affirmative defense that the real estate in the mortgage was conveyed by A. H. Hix and wife to appellee and that appellee at the time assumed and agreed to pay the usurious notes and mortgage and

that the amount of the same was deducted out of the purchase price for said land, and that therefore appellee was estopped to set up usury in this cause.

A replication was filed by appellee to this answer, and the case was tried in open court before the chancellor. In view of the fact that appellant's only point made is that appellee is estopped to urge usury, it will only be necessary to notice the evidence on this one issue.

Appellee acquired her title from A. H. Hix and wife (the makers of the usurious notes and mortgage) by a warranty deed which recited a consideration of $500 and contains the following provision: ''Subject to all incumbrances, taxes and other liens now upon said real estate.'' She and A. H. Hix, her grantor, were witnesses in making out her case in chief, but appellant did not attempt to show by them that appellee had agreed to pay the usurious notes and mortgage or that the amount of the same was deducted out of the purchase price of the real estate.

Appellant in making out his case offered no evidence whatsoever showing, or tending to show, that appellee assumed and agreed to pay the usurious mortgage and notes as a part of the purchase price for the land, or that the amount of the same was deducted out of the said purchase price.

The chancellor found and decreed that the notes and mortgage were tainted with usury and held that appellant was entitled to the principal amount loaned, with legal interest thereon, less such payments as had been made on the same. The chancellor expressly found that there was no evidence whatever that appellee had assumed and agreed to pay the usurious notes and mortgage, or that the amount of the same had been deducted from the purchase price of the land. Appellant's only contention is that Golda Hix, having bought the real estate after the mortgage had become

of record, and her deed having recited that it was "subject to all incumbrances," she is barred and estopped to urge usury in the notes and mortgage.

Appellant has appealed.

In *Crawford v. Nimmons,* 180 Ill. 143, 147, the court passed upon the identical question raised in this case and held:

"The contract being tainted with usury, the important question to be considered is whether the defendant, as grantee of the mortgagor, was in a position to avail himself of the defense. He was not permitted to set up the defense, and it is insisted that he could not do so because of the clause in the deed to him that the conveyance was subject to the mortgage. The privilege of pleading usury is personal to the mortgagor and those who are in privity with him, but if there is no agreement or understanding about it his grantee will have the right to make the defense. (*Union Nat. Bank v. International Bank,* 123 Ill. 510; *Mason v. Pierce,* 142 id. 331; *Lloyd v. Scott,* 4 Pet. 205.) On that subject it is said in *Maher v. Lanfrom,* 86 Ill. 513, that an implied authority from the mortgagor is all that is required, and when it is not agreed or understood that the grantee or subsequent mortgagee shall pay the encumbrance with the usury, the authority to make the defense will be implied. In considering the question as to what shall be regarded as an affirmance by the mortgagor of the amount and validity of the mortgage debt, it is, perhaps, not easy to reconcile all the expressions used in the different opinions. It has sometimes been said, in substance, that if the mortgagor sells the land subject, in express terms, to a previous mortgage, the purchaser cannot question its validity; but when the cases are examined it will be found that additional facts have been required to prevent the grantee from making the defense. In all the cases where it has been held that the grantee

cannot question the validity of the mortgage, he has purchased the property on the basis of a clear title, at an agreed price, and has assumed to pay the mortgage debt as a part of the consideration, or the amount of such debt has been deducted from the purchase price of the land on the basis of such clear and complete title. In such cases the grantee has paid to his grantor that part of the purchase price representing the estimated value of the equity of redemption and has reserved the amount of the encumbrance, which he has either agreed to apply in satisfaction of it or which he has held to protect himself against the encumbrance by exercising his option to pay it and save the property or to let it go under the encumbrance. The expression noted above was used in *Valentine v. Fish*, 45 Ill. 462, but in that case the defense was allowed, although there were four successive conveyances of the mortgaged premises, in which the deeds were made subject, in express terms, to the usurious mortgage. In *Maher v. Lanfrom, supra,* the case of *Valentine v. Fish* was discussed, and it was said that although the conveyances were all in terms subject to the mortgage, the defense of usury was allowed to the mortgagor and the remote grantee. It was not considered that there was any estoppel from the mere fact that the conveyances were made subject to the mortgage."

There appearing to be no error in the decree of the circuit court of Clark county, that decree is affirmed.

*Affirmed.*