Henry L. Schiele, Defendant in Error, v. George
Anderson et al., Plaintiffs in Error.

Gen. No. 32,934.

Opinion filed April 17, 1929.

CLARK & CLARK and EDWARD M. KEATING, for plaintiff in error Rubin.

BROWN, FOX and BLUMBERG, for defendant in error; CHARLES LEROY BROWN, JACOB LOGAN FOX, and NATHAN S. BLUMBERG, of counsel.

MR. JUSTICE RYNER delivered the opinion of the court.

This writ of error was sued out. by a purchaser, *pendente lite,* of real estate in process of foreclosure. The plaintiff in error, Rubin, contends that the bonds foreclosed were violative of the statute against usury and that the complainant in the foreclosure suit failed to establish his ownership of the securities.

In the latter part of the year 1922, John. J. Loughlin and his brother were the owners of real estate located at Seventy-third street and Bennett avenue in the City of Chicago. For the purpose of financing the construction of a building upon the premises they applied to Wollenberger & Company to sell an issue of bonds of the aggregate par value of $150,000. The entire issue was sold.

In November, 1923, Edward E. Loughlin, who held the legal title to the property, sold it to Albert D. Shockley for a consideration of $203,000, subject to the lien of the trust deed securing the $150,000 of bonds. After a full investigation of the facts Shockley was given credit on the purchase price for the par value of the bonds. He gave to Loughlin a purchase money mortgage in which he agreed to pay the bonds. Later Shockley conveyed an undivided one-half interest in the premises to Goldman.

On April 30, 1925, a partial foreclosure suit was instituted in the circuit court of Cook county. Shockley and Goldman were made parties defendant and were defaulted. The Loughlins answered but made no claim of usury.

After the cause had been pending for some time, a supplemental bill of complaint was filed charging default as to additional bonds and coupons. Shockley and Goldman were again defaulted. The Loughlins answered as before. Proof was made before a master in chancery of the bonds and coupons in default. Proof was also offered by the holders of $38,000 of second mortgage notes, by the holders of $15,400 of notes secured by third and fourth mortgages and by mechanic's lien claimants to the extent of $1,448.50.

When the hearing before the master had been almost concluded Rubin appeared upon the scene. He filed of record a quitclaim deed from Shockley and Goldman to himself. The deed recited a consideration of two dollars and other valuable considerations, and Rubin was brought in as a party defendant by amendment to the bill of complaint. He answered charging usury and denying the complainant's ownership of the bonds in question. A supplement and amendment to the bill were then filed setting up facts showing that Rubin's predecessors in title had waived the defense of usury. Rubin and his wife answered, making the same defenses. A re-reference was had. The master found in favor of the complainant. His report was approved by the court and a decree entered in accord with his recommendations.

Upon the hearing the complainant, Schiele, produced the bonds and coupons and testified that he was the owner of them. There was no evidence produced to overcome the prima facie case thus made.

Counsel for Rubin make much ado about the fact that the complainant, on cross-examination, testified

that the bonds under foreclosure were first sold by Wollenberger & Company and then bought in by them; that the complainant was the auditor of that company and in that capacity made the entries in the books which effected the transfer of the securities to himself. They further contend that the complainant paid no money for the bonds but was merely charged with their value on the books of Wollenberger & Company. It is further argued that no proof was offered to show the complainant's authority to transfer the bonds to himself. These contentions are without merit. The facts disclosed may be sufficient to arouse a suspicion that Wollenberger & Company owned the bonds and coupons but they fall far short of sustaining the defense that the complainant was without sufficient interest to maintain his action.

The trust deed, securing the bonds, contains a provision that,

"Beginning on the first day of April, 1923, on the first day of each month thereafter during the lifetime of the said indebtedness, the Mortgagor will, and he does hereby, covenant and agree to deposit with Wollenberger & Co., a corporation, at Chicago, Illinois, a sum of money equal to one-twelfth (1/12) of the total amount interest charges and installments of principal falling due during each successive year thereafter during the lifetime of said indebtedness."

It is argued by counsel for Rubin that this provision tainted the transaction with usury. The contention is untenable. The provision is not an unusual one. It does not result in any increase of interest to the holders of bonds. It simply provides for additional security to them. Its effect is to obligate the mortgagor to conserve a sufficient amount of the monthly rents, issues and profits to enable him to pay the bonds and coupons as they mature. It is deemed unnecessary to cite authorities to show that the arrangement in

question does not result in the payment to the bond-holders of interest at an unlawful rate or in the acceleration of payments of either principal or interest.

Even if it be assumed that the original transaction required the payment of interest in excess of the maximum legal rate, Rubin is in no position to complain. The defense of usury is a right personal to the debtor and he may waive it. *Hibernian Banking Ass'n v. Davis,* 295 Ill. 537. In the early history of judicial construction of our statute against usury the courts invented the fiction that, in the absence of any agreement to the contrary, there was implied authority from the mortgagor of property to his grantee to make the defense. This fiction has become a part of the substantive law of the state. *Crawford v. Nimmons,* 180 Ill. 143. The defense, however, may be waived. It is waived where the mortgagor, selling property securing a usurious loan, deducts the amount of the obligation from the purchase price and takes an agreement from the grantee to assume and pay the indebtedness. This constitutes an affirmance of the debt by the mortgagor and overcomes the implication that the defense of usury has passed to the grantee. *Crawford v. Nimmons, supra.*

In the case at bar Shockley bought the property, securing the bonds in question, from the mortgagor. Upon the consummation of the sale he was credited with the deposits made with Wollenberger & Company under the provisions of the trust deed and permitted to deduct from the purchase price the sum of $144,375, the amount remaining to be deposited to pay the bonds and coupons as they matured. He executed a purchase money mortgage wherein he agreed to pay all of the bonds executed by the mortgagor. The defense of usury was thereby waived. Rubin was bound by the waiver because he was a grantee *pendente lite* claiming under Shockley. In addition to this, neither the

mortgagor nor Rubin's grantors interposed the defense of usury in the foreclosure proceedings.

The decree of the circuit court of Cook county is affirmed.

*Affirmed.*

HOLDOM, P. J., and WILSON, J., concur.