C. F. Raming and L. B. Raming, Trading as Raming & Raming, Appellants, v. Dr. Ed. Peyser et al., Defendants. Dr. Ed. Peyser, Appellee.

Gen. No. 34,279.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed November 3, 1930.

HERMAN MALING, for appellants; JAMES B. CASHIN, of counsel.

HAROLD O. MULKS, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Plaintiffs in the trial court, who are appellants here, brought an action in replevin. There was a trial by the court and a finding for defendant with an order for a writ of *retorno habendo,* motions for a new trial and in arrest being overruled. Plaintiffs seek to reverse the judgment by this appeal.

Defendant in his brief urges a motion to dismiss the appeal, but he has not complied with Rule 15 of this court with reference thereto, and for that reason the motion will not be considered.

The property in controversy is a Chevrolet motor car of the alleged value of $250, which the declaration alleges to be the property of plaintiffs, unjustly detained by defendant.

Defendant filed a plea that plaintiffs were not the owners and a further plea that the note and chattel mortgage upon which plaintiffs rely to establish their rights, were given in a transaction wherein a loan of $250 was made by plaintiffs to defendant; that plaintiffs were without a license from the Department of Trade and Commerce as provided by an Act approved June 14, 1917, in force July 1, 1917 (see Laws of Illinois, 50th General Assembly, 1917, p. 553), Cahill's St. ch. 74, ¶ 27, and that under the provisions of that act the note and mortgage were void; that plaintiffs thereby forfeited the right to receive either principal or interest. To this plea plaintiffs filed a special demurrer, which was sustained, and there was no further pleading with reference thereto.

Plaintiffs filed a replication to defendant's plea of property, and the evidence was heard by the court, with finding and judgment as heretofore stated.

Upon the trial plaintiffs offered in evidence the note and chattel mortgage made August 8, 1929, and the uncontradicted evidence submitted tended to show that while the note purports to represent a transaction wherein $350 was loaned, the actual amount loaned was $250; that the plaintiffs were not licensed under the statute, and that the transaction was usurious and of a kind forbidden by the statute. The evidence was in part presented by stipulation, and the record does not disclose any objection made to the evidence when offered.

It is now contended by plaintiffs upon this appeal that the introduction in evidence of the chattel mortgage and note established a *prima facie* right to possession in them (*Commercial Credit Trust v. Land*, 251 Ill. App. 469); that the defense of usury was a right personal to the debtor, which was waived (*Schiele v. Anderson*, 252 Ill. App. 390), and that the fact that the contract was usurious could not be presented as a defense unless it was specifically pleaded. (*Harris v. Bernfeld*, 250 Ill. App. 446; *Manufacturers Finance Trust v. Stone*, 251 Ill. App. 414.)

This contention cannot be sustained for several reasons. In the first place, the case was not tried upon that theory, there being no objection made to the evidence when it was offered. In the second place, while the general rule is undoubtedly as contended by plaintiffs, there is a well recognized exception to it, namely, that where a plaintiff relies upon an instrument in writing for the purpose of showing his right or title, a defendant may attack the instrument on the ground that it is void for usury without specially pleading it. *Jacques v. Stewart*, 81 Ga. 81, 6 S. E. 815; *Adamson v. Wiggins,* 45 Minn. 448, 48 N. W. 185; *Davis, McDonald & Davis v. Tandy,* 107 Mo. App. 437, 81 S. W. 457; *Davis v. Culver,* 58 Neb. 265, 78 N. W. 504; 27 Ruling Case Law, 267, sec. 70, note 12; 39 Cyc. 1041. Moreover, the statute in question has been construed to mean that even a single forbidden transaction makes the lender guilty of a violation of its provisions. *People v. Stokes,* 281 Ill. 159. The whole transaction was therefore illegal and contrary to law.

Plaintiffs contend that clause A of section 2 of the act, Cahill's St. ch. 74, ¶ 28, which provides: "If interest or charges in excess of those permitted by this Act shall be charged, contracted for or received by any license, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever," applies

only to licensees. Since plaintiffs in this case had no license, it is said that that clause is not applicable to them. The particular clause may not be applicable to persons other than licensees, but the statute makes a transaction of this kind also illegal if made by a person who has not obtained a license and subjects him to fine and imprisonment. Under the provisions of the statute, the contract was illegal, whether made by a person licensed or unlicensed, and in either case the contract would be void.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

McSurely and O'Connor, JJ., concur.