The People of the State of Illinois, Defendant in Error, v. John V. Morse, Plaintiff in Error.

Gen. No. 36,492.

Opinion filed April 10, 1933.

ALFRED ROY HULBERT, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, GRENVILLE BEARDSLEY and ALBERT WOLL, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Defendant was charged with having violated the statute regulating the business of making loans, Cahill's St. ch. 74, ¶ 27. Upon trial he was found guilty and fined $100. He seeks a reversal in this court.

The section involved reads in part:

"It shall be unlawful to make any loan of money, credit, goods, or things in action in the amount or to

the value of three hundred dollars ($300) or less, whether secured or unsecured and charge, contract for, or receive a greater rate of interest than seven per centum per annum therefor, without first obtaining a license from the Department of Trade and Commerce. as herein provided. . . .

"The license shall be kept conspicuously posted in the place of business of the licensee."

The specific charge in the information is that defendant, without such a license, made a loan of money to one Arthur J. Bell at a rate of interest greater than seven per cent per annum. Defendant argues here that the evidence shows that the transaction on which the charge is based does not come within this act.

Arthur J. Bell, the complaining witness, testified that he took his automobile to defendant's place of business to have some repair work done; after the car was examined he was told that the job would cost about $36; subsequently he was told it would cost an additional amount; he says he signed some papers and later on got his car after the repairs were made, but was not satisfied with the job; afterwards he got a notice through the mail that defendant was preparing to foreclose a chattel mortgage on the car; apparently the car was sold and there was a deficiency; the witness testified categorically that "Mr. Morse did not lend me any money. I did not receive any money from him."

Defendant testified that he had been in the business of repairing and painting automobiles for 17 years; that he does business under the name of Bell Auto Repair & Painting Co.; that the complaining witness, Arthur J. Bell, brought his car to the defendant's place of business to have the valves ground, carbon cleaned and certain adjustments made; he was told the costs would be in the neighborhood of $36; subsequently, on examination, it was found that the water

jackets around the cylinders were cracked and that the motor would have to be rebuilt; defendant so informed Mr. Bell, who gave defendant an order for a complete rebuilding of the motor and other things; Mr. Bell could not pay for the job all at one time, so an arrangement was made with him to pay in instalments; a note was signed to this effect, secured by a chattel mortgage on the car; Mr. Bell made one cash payment of $10 on his bill and gave his note for the balance, payable in monthly instalments with interest at three per cent per month for 12 months. Defendant testified that Bell had never paid any of the instalments on his chattel mortgage note; defendant also said, "I did not lend him any money and I gave him no money"; that he did the work and took Bell's note in payment for same with a chattel mortgage, and "charged him 3 per cent a month because he could not pay all at one time." Defendant also testified that he formerly loaned money on automobiles but had not done that for over a year; that he was "not in the automobile banking business." It is admitted that defendant did not have the license from the Department of Trade and Commerce provided in the act.

In *People v. Stokes,* 281 Ill. 159, which involved the constitutionality of this statute, it was held that the object of the law is to regulate the business of making loans of small sums of money to wage earners and salaried people. It seems to be conceded that defendant was not in the business of making loans, but it is said that the statute is so drawn as to cover a single transaction. *People v. Stokes, supra.* This court applied this statute to a single transaction in *Raming v. Peyser,* 259 Ill. App. 152, but in that case the uncontradicted evidence showed that the plaintiff loaned the defendant the amount of money involved.

In the instant case no money was loaned. The transaction was the ordinary one where the debtor is unable

to pay in full in cash and an arrangement is made whereby he may pay in instalments. It is a matter of common knowledge that under such circumstances the debtor generally obligates himself for a larger amount than he would pay on a cash on delivery basis. A special reason for this exists with reference to a bill for automobile repairs, payable in instalments, where the debtor is given possession of the automobile and is likely to depreciate its value by use or accident.

The statute is clearly applicable only to a case involving the loaning of money. It should not be enlarged by construction so as to include an arrangement whereby a bill for repairs may be paid in instalments.

This is not a variance between the proof and the charge. The proof fails to support the charge and the defendant should have been acquitted.

For the reasons indicated the judgment is reversed.

*Reversed.*

MATCHETT and O'CONNOR, JJ., concur.