Walter Turk, Appellant, v. Walter Bender, Appellee.

Gen. No. 36,157.

Opinion filed December 13, 1933.

Louis Levy and P. F. Murray, for appellant.

Thomas S. Hogan, for appellee.

Mr. Presiding Justice Hall delivered the opinion of the court.

This is an appeal from a judgment of the municipal court of Chicago, ordering the return of an automobile to defendant, levied upon in a replevin suit brought by plaintiff against defendant. The hearing below was had on an agreed statement of facts in substance as follows:

On February 16, 1932, defendant borrowed from plaintiff the sum of $200, gave plaintiff a note for $240 and a chattel mortgage on an automobile as security for the debt. The note was made payable in 10 monthly instalments of $24 each, the first instalment to fall due on March 16, 1932. The mortgage provides that in the default of any instalment then at the option of the mortgagee, the entire note becomes due and payable. The first instalment, which fell due on March 16, 1932, was not paid. Plaintiff notified defendant that under the terms of their contract the whole amount became due, and demanded possession of the mortgaged automobile. In reply, defendant stated that because the note was usurious, plaintiff could not recover any amount, and defendant refused to pay. Plaintiff then demanded that defendant pay him $200, which defendant refused to do. Thereupon, plaintiff sued out a replevin writ and levied on the automobile.

The question to be determined by this court is whether or not the legal status of the payee and mortgagee is fixed and determined by section 6 of "An Act to revise the law in relation to the rate of interest, and to repeal certain Acts therein named" (Cahill's

Rev. St. 1931, ch. 74, ¶ 6, pp. 1729, 1730), which provides that where a rate of interest greater than seven per cent per annum is, contracted, only. the principal can be recovered, or, as appellee contends, by the terms of "An Act to license and regulate the business of making loans of $300 or less, secured or unsecured, at a greater rate of interest than seven per centum per annum, prescribing the rate of interest and charge therefor and penalties for the violation thereof, and regulating the assignment of wages or salaries earned or to be earned, when given as security for any such loan." (Cahill's Rev. St. 1931, ch. 74, ¶ 27 *et seq.*, p. 1731.) This latter act provides, in section 2 thereof, that persons operating under it shall be licensed, and that "if interest or charges in excess of those permitted by this Act shall be charged, contracted for or received *by any licensee,* the contract of loan shall be void, and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever." There is no evidence to the effect that plaintiff is a licensee under this act.

Appellee insists that the note and mortgage in this case are void as to the entire amount claimed, and cites as his authority the case of *Raming v. Peyser,* 259 Ill. App. 152. In that case, the facts were exactly similar to the case at bar, in so far as the making of the loan and the remedy pursued were concerned. There was a loan of $250, a note taken for $350, and a chattel mortgage on an automobile as security. However, we have examined the record in this court in that case and find that it was stipulated in the record that the plaintiff in that case was in the business of making loans, while in the instant case there is nothing in the record to indicate that such is or was the fact, but on the contrary, so far as indicated, this is the one and only loan ever made by the plaintiff. In its opinion, the court in *Raming v. Peyser, supra,* evidently

having in mind that the plaintiff was engaged in the business of making loans, used the following language:

"The statute makes a transaction of this kind also illegal if made by a person who has not obtained a license and subjects him to fine and imprisonment. Under the provisions of the statute, the contract was illegal, whether made by a person licensed or unlicensed, and in either case the contract would be void." and *People v. Stokes,* 281 Ill. 159, is cited as authority for this holding. We have examined the opinion in *People v. Stokes, supra,* and we are of the opinion that the Supreme Court does not there hold that under the act in question, a single usurious loan made by a person, other than one engaged in the business of making loans, is a violation of this statute. If this were held to be true, then it must of necessity be held that the act in question amends section 6 of the Interest Act, Cahill's St. ch. 74, ¶ 6, in so far as the rate of interest charged on loans of money under $300 is concerned. In *People v. Stokes, supra,* the following language is used regarding the act in question:

"In this act, the subject matter is fairly indicated by its title, and the provision against making a single loan may fairly be said to come within the purview of the title of the act. . . . The object of the law is not to regulate the rate of interest, but, on the contrary, is to regulate the business of making loans of small sums of money to wage earners and salaried people, and the provision as to the rate of interest is only inserted as one of the incidents of such regulation. . . . It is a complete law within itself and not dependent upon the provisions of any other act for its enforcement. It is, therefore, in no sense an amendment of the interest law and cannot be held void as such."

Further, the court says in that case:

"It does not abridge the right to contract except for usurious interest, but leaves all parties free to contract

with anyone for a loan at a rate of interest not to exceed seven per cent, *or for the higher rate of interest with all who choose to bring themselves within the provision of the act.*" (Italics ours.)

The title of the act in question shows that its purpose is "to license and regulate the business of making loans of $300 or less," and there is no proof that plaintiff was in such business. We hold that the statute in question has no application here. As the contract in question is usurious, in that it calls for the payment of interest at a higher rate than seven per cent per annum, therefore, the interest is all forfeited under section 6 of the Interest Act (Cahill's Ill. Rev. St. 1931, ch. 74, ¶ 6) which controls, and the principal sum only can be recovered. The plaintiff in this case is entitled to recover $200, the amount loaned to defendant.

The case is reversed and remanded for action by the court in conformity with this opinion.

*Reversed and remanded.*

WILSON and HEBEL, JJ., concur.